ROSA CALLI, Respondent, *v.* OLINTO SORCI and MARIETTA SORCI, Appellants.

Third Department, November 15, 1922.

Easements — action to remove obstruction in driveway — easement granted to plaintiff's predecessor who did not reserve right in deed to plaintiff — obstruction consisted of tree on edge of driveway which was growing at time right of way was granted — no objection made to tree for long time — other means of access available to plaintiff — use of driveway without tree not necessary to plaintiff's enjoyment of premises.

In an action to compel the defendants to remove a tree from the edge of a driveway over which the defendants' predecessor had granted a right of way to the plaintiff's predecessor, it appeared that the tree was growing on the edge of the

driveway at the time the grant of the right of way was made; that the plaintiff's predecessor did not reserve to the plaintiff the use of the driveway; that during several years no complaint was made against the existence of the tree which had grown from a small sapling to a large tree; that the plaintiff had access to another public street directly from her own lands; that the distance between the tree and the side of defendants' house which was on the opposite side of the driveway was about seven and one-half feet and that the reason why the plaintiff desired the tree removed was that she was using wider vehicles.

*Held,* that the finding that the use of the driveway, otherwise than as it existed when the action was commenced, is a necessity or necessary to plaintiff's enjoyment of her premises, is against the weight of the evidence, and that the defendants should not be required to remove the tree.

APPEAL by the defendants, Olinto Sorci and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Madison on the 10th day of November, 1921, upon the decision of the court rendered after a trial before the court without a jury.

*D. F. Wallace* [*R. D. Woolsey* of counsel], for the appellants.

*Hitchcock, Murphy & Foertch* [*Charles A. Hitchcock* of counsel], for the respondent.

KILEY, J.:

The prayer for judgment in plaintiff's complaint in this action is as follows: " Wherefore the plaintiff demands judgment against the defendants directing them to remove said obstruction and encroachment or permit the plaintiff to remove the same in said alley and that the plaintiff recover of the defendants three hundred dollars damages besides the costs and disbursements of this action." The real estate and premises out of which this dispute arose are situate in the village of Canastota, Madison county, N. Y. The defendants' premises are directly west of Souter street in said village. Immediately south of said premises, and on defendants' land, is a driveway from Souter street to the rear of the lot where defendants have a garage. Immediately north of this space used as a driveway, and on the part of the lot adjoining said Souter street, is located defendants' dwelling house. Immediately south of this driveway and defendants' dwelling are situate the premises of one Lucciano Sgroi. Those premises extend west along defendants' south line fifty-two and four-tenths feet. Immediately west of the Sgroi lands and south of the rear of defendants' premises are the premises of this plaintiff, and the north line of plaintiff's premises extends west forty-eight and one-half feet along the south line of the rear of defendants' said premises. The south line of plaintiff's premises abut on West North Canal street in the village of Canastota. On October 4, 1913, Julia Page conveyed to Salvatore

Calli the premises referred to as being the premises of the plaintiff. On that date one Hattie Page owned the premises now belonging to the defendants, and on October 6, 1913, and before she conveyed said premises to defendants, she executed, acknowledged and delivered to the said Salvatore Calli an instrument in writing of which the following is a copy:

"THIS INDENTURE, Made and entered into this 6th day of October, in the year one thousand nine hundred and thirteen, between Hattie L. Page of the village of Canastota, Madison County, and State of New York, party of the first part, and Salvatore Calli of the same place, party of the second part.

"*Witnesseth*, that the party of the first part, in consideration of the sum of $1, and other good and valuable consideration, lawful money of the United States of America, to her in hand paid by said party of the second part, does hereby remise, release and forever quit-claim unto the said party of the second part, a right to use a driveway jointly with the party of the first part, her heirs and assigns, for all ordinary purposes of ingress and egress over the same, leading from Souter Street, on the east, westerly and upon the south side of said premises of party of the first part, far enough to allow the second party to enter upon his premises from the south.

"*In Witness whereof*, party of the first part has hereunto set her hand and seal, the day and year first above written.

                 " HATTIE L. PAGE, [L. S.]

" STATE OF NEW YORK, } ss.
COUNTY OF MADISON }

" On this 10th day of October, 1913, before me, the subscriber, personally appeared Hattie L. Page, to me known and known to be the same person described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same.

                 " J. L. ROBERTSON,
           "*Notary Public, Mad. Co. N. Y.*"

After plaintiff's counsel had offered and read in evidence the foregoing instrument he announced to the court: " Now that is the grant of the right of way in question." On November 3, 1913, the said Hattie Page sold defendants their premises and recites therein that such conveyance is subject to the right of way she had conveyed to Salvatore Calli on October 6, 1913, and by the same instrument gives to defendants a right to use the driveway on the east of Salvatore Calli's lands to West North Canal street. On

August 20, 1915, the said Salvatore Calli conveyed his lands and premises aforesaid to this plaintiff who was and is his wife. Neither by that instrument nor any other did he reserve to his grantee the use of said driveway. While in the deed from Page to defendant this right of use in Salvatore Calli was reserved, it will be remembered that Salvatore then owned the fee to the premises conveyed to him by Julia Page on October 4, 1913, and the use of the driveway granted to him on October 6, 1913, by Hattie Page, and whether such use was an easement or a mere permission, the recital of it in a deed by which she conveyed the lands over which the use had been previously given, was right and proper, but adds nothing whatever to the use that was granted on October 6, 1913, as appears in the above-quoted instrument. A photograph put in evidence by plaintiff shows a building directly across this driveway and south of defendants' dwelling house. At the time of the granting of this use of right of way, there was a small poplar sapling growing near the south line of defendants' lot; it was four inches in diameter, and the court found that at the time of the trial in 1920 it had increased in size, so that its diameter was one and fifty-six one-hundredths feet; the increase would be fourteen inches in diameter in seven years. The court found that the distance between the north side of the tree and the south side of the house was six and one-half feet. The tree was there when defendants purchased their premises. It grew without let or hindrance from the defendants, and drew no protest or complaint from the plaintiff or her grantor, until about a year or two before the action was tried. Plaintiff's evidence shows that the space between the south side of the tree and defendants' south line is five-tenths of a foot. Plaintiff's son, who is a lawyer, gives, I think, a fair explanation of the circumstances that gave rise to this dispute. He says that they saw the sapling, which has now attained the proportions of a tree, there, when his father acquired this right of use of the driveway; that they paid no attention to it as it did not interfere with the use; his father is an onion grower and primarily used this driveway to draw his onions from the field; the onions were drawn on a wagon and box in crates and occasioned no hindrance from the tree. Later or about the same time they got a Ford car, and still it did not occur to them that the tree was any obstruction. Along about a year or two before this action was commenced they concluded to use an eight-foot wide hay rack to draw onion crates from the field to Souter street and in addition to the Ford they bought a big Cole eight automobile, and with those conveyances it was not so convenient to go between defendants' house and this tree as it had been theretofore. He says further that because of such inconvenience they had to drive these

large vehicles over their driveway on to West North Canal street. Aside from using their own driveway, the same mentioned in the second reservation in the deed of November 3, 1913, Page to defendants, the inconvenience experienced by plaintiff was that they had to go up a rise in the ground as they approached West North Canal street. While the attorneys have shown commendable industry in the discussion of " easements," " appurtenances " and " dominant and servient estates," I do not find anything in the briefs that would impress the young lawyer, Calli, that " he who seeks equity must do equity." Concededly, the plaintiff has a way out over her own land on to as prominent and feasible a street as Souter street, viz., West North Canal street. Yet the defendants find themselves burdened with a judgment requiring them to cut down their shade tree and pay the costs of the action. Ambition might inspire this plaintiff or members of her family (she never uses the driveway) to embark in the large moving van business. Would defendants in such case have to move their house? This judgment, however, does not depend upon the above-mentioned questions of law for its reversal. Webster's Dictionary defines " necessary " as " a thing  *  *  *  indispensable to some purpose." " Necessity " is defined by the same authority as " a requisite; something indispensable." The evidence in this case shows that neither condition exists here so far as this plaintiff is concerned. This is an action sounding in equity; even if it was an action at law, we are required by the Civil Practice Act to do justice between litigants. The finding that the use of this driveway, otherwise than as it existed when this action was commenced, is a necessity or necessary to plaintiff's enjoyment of her premises, is against the weight of evidence. If I am right in this conclusion, further consideration of the questions raised is unnecessary.

The judgment should be reversed and the complaint dismissed, with costs.

H. T. KELLOGG, Acting P. J., VAN KIRK and HINMAN, JJ., concur; HASBROUCK, J., concurs on the authority of *McMillan* v. *Cronin* (75 N. Y. 474).

Judgment reversed on the law and facts and complaint dismissed, with costs. The court disapproves of findings of fact number ten and thirteen.