CHARLES H. SOMMERS, Respondent, v. THE VILLAGE OF WALDEN, NEW YORK (a Municipal Corporation), Appellant.— Order in so far as it relieves the plaintiff of the necessity of furnishing a bill of particulars as to certain items and vacates the demand therefor, modified by requiring the plaintiff to furnish particulars as to items numbered 3, 4, 5, 6, 7, 8 and 9; and as so modified the order is affirmed, without costs; the bill of particulars to be furnished within five days from the entry of the order hereon. In the so-called "supplemental complaint" the plaintiff did no allege damages for rental value only, and under this complaint would not be limited to such damages. It will depend upon the proof offered whether the damages are permanent or temporary and whether the rule to be applied will be the dimtinution in the value of the property, the rental value, the usable value or other elements. (See *Bates* v. *Holbrook*, 89 App. Div. 548; *Pritchard* v. *Edison El. Illuminating Co.*, 92 id. 178; affd., 179 N. Y. 364; *Colrick* v. *Swinburne*, 105 id. 503; *Barrick* v. *Schifferdecker*, 123 id. 52; *Dietzel* v. *City of New York*, 218 id. 270; *Willey* v. *Hunter*, 57 Vt. 479; 46 C. J. 827 *et seq.;* 20 R. C. L. p. 470.) Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.

## (February 11, 1937.)

WALTER M. BAKER and CARL RUSSELL, Respondents, v. ROBBINS-RIPLEY CORPORATION, Appellant.— The appellant's motion to confirm the report of the official referee is granted. The respondents' motion to dismiss the appeal is denied. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Close, JJ.

SAM CARONIA, an Infant, by ELIZABETH CARONIA, His Guardian ad Litem, and ELIZABETH CARONIA, Appellants, v. GLADYS MULLER, Respondent.— Action by infant plaintiff, Sam Caronia, to recover damages for personal injuries received when struck by the defendant's automobile at a street intersection, and by his mother for expenses and medical services. Appeal by plaintiffs from a judgment entered upon a verdict in favor of the defendant. Judgment reversed on the law and a new trial granted, costs to appellants to abide the event. The court charged that the infant plaintiff, skating on roller skates upon a public street, was not a pedestrian, but was included in the term "vehicle" as defined by subdivision 7 of section 2, article I, of the Vehicle and Traffic Law, and also charged that it was the duty of the infant plaintiff, in turning to the right into Flatlands avenue, to keep as close to the right-hand curb as possible. The evidence shows that there was an unpaved strip twenty-one feet wide between the curb and the paved portion of Flatlands avenue. The charge was erroneous and prejudicial. (*Eichinger* v. *Krouse*, 105 N. J. L. 402; 144 A. 638; Huddy, Encyclopedia of Automobile Law [9th ed.], vols. 5–6, § 120, p. 201; Blashfield's Cyclopedia of Automobile Law and Practice, vol. 2, §§ 1243 and 1254.) Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ., concur.