HENRY DES FOSSES et al., Respondents, v. SANTUCCIO RASTELLI et al., Appellants.— In an action for an injunction restraining interference with the plaintiffs' easement over the defendants' land, the defendants appeal from the judgment directing them to remove the encroachments and declaring the rights of the parties. Judgment modified on the law and the facts by striking out the fifth decretal paragraph and by substituting therefor: " Ordered, Adjudged, Decreed and Declared that the plaintiff, Henry Des Fosses, and his successors in title subsequent to March 29, 1947, and the plaintiff, Emilie O. Des Fosses, and her grantees (who have recorded their conveyances) prior to February 15, 1947, and each of them are entitled to use said right of way for passage of themselves, their families and guests, and may carry or move small boats and other objects over and upon said right of way, and said right of way may be

used for access to and egress from Long Island Sound, provided there be no storage of boats or equipment on said right of way except for temporary or momentary stoppages in the portage of such objects as are commonly carried over the same, and it is further". As so modified, judgment unanimously affirmed, without costs. The easement conveyed to the respondent Henry Des Fosses, his assigns and successors in title, by appellants' predecessors in title was "a right of way over" the ten-foot strip of land along the easterly boundary of the servient tenement for "use as access and egress to Long Island Sound". No right to recline or to park boats above high-water mark was granted by the language creating the right of way. There is nothing in that language to suggest that the owners and their families and guests in the dominant tenement, the fifteen-acre tract, were to have any right other than that of getting to the Sound where they could exercise rights common to the public. (Cf. *Lishchiner* v. *Goldens Bridge Community Assn.*, 281 App. Div. 903; *Hegel* v. *Mohegan Colony,* 262 App. Div. 877, affd. 288 N. Y. 576, and *Miller* v. *Lutheran Conference & Camp Assn.*, 331 Pa. 241.) The use of the right of way on any day would be rendered practically impossible by others than the first who would recline and place boats above high water as permitted by the provisions of the judgment. This court has taken judicial notice of the deed in the foreclosure action from the Referee, to the respondents, dated April 6, 1953, and recorded April 15, 1953. Both respondents are named grantees therein. The findings of fact contained in the opinion at Special Term are affirmed, other than the implied finding that the right of way included rights to recline and to rest boats above high water. That finding is reversed. We assume that the date of the deed from the respondent wife to the Kindts was in 1947 and not in 1941 as stated in the opinion as printed in the record. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.