■ GEORGE ERNST et al., Respondents, v. JOHN F. KENIRY et al., Appellants.— This is an appeal from an order which determined the rights of the parties to an easement and further found there was no abandonment of the easement by the plaintiffs. The plaintiffs and defendants (except William McBurney) are dominent owners of a right of way over a driveway from Main Street in the Village of Greenwich to the rear of their premises. The defendant, William McBurney, is the owner of the servient tenement and we do not determine his rights or interest herein. The action, in reality, is between the plaintiffs and the defendants, John F. Keniry and Keniry Motors, Inc. The plaintiffs by their pleadings seek to prohibit the defendants Keniry from parking automobiles on the right of way adjacent to their building and the defendants by way of answer contend that the plaintiffs, because of certain acts, have abandoned the right of way and should be forever enjoined and restrained from the use thereof. The owner of the driveway, McBurney, is also the owner of premises immediately north thereof and the plaintiffs are the owners of premises immediately to the south. At the east or rear end of the driveway is a building used as a garage by the defendants Keniry, under lease, and owned by the defendant Lant. When the plaintiffs acquired their property, they demolished an old building thereon which did not occupy all of the rear of the premises. They erected a new building thereon which covered substantially all of the property, eliminating a rear entrance, but constructing a side entrance along the driveway, which is used by the tenants occupying the second floor and for unloading merchandise used in the plaintiffs' business. The defendants parked automobiles, new and used, along the driveway nearest plaintiff's building, which resulted in obstructing the entranceway. The defendants, by their claim of abandonment, contend that the plaintiffs cannot use this door under the terms of the easement. The easement provides: "A right of way from Main Street in the Village of Greenwich, for teams or otherwise over his home premises adjoining as the same is now used from Main Street *to and on the rear* of the premises now owned by [Rogers] and occupied by the Greenwich Union Water Works, which right of way, however, is subject to the use thereof by others to whom the same has been granted in former conveyances thereof." (Emphasis supplied.) The plaintiffs contend that the easement is in the premises and not in the building and therefore it was not terminated by the erection of a building on their property. The wording of the easement seems plain that the plaintiffs have a right of way in the driveway in common with the other easement owners and it is not restricted solely to travel "on the rear of the premises". As an incident to the easement, the plaintiffs are entitled to a reasonable use of the door opening on the side of the driveway and there is no proof in this record that the canopy over the entranceway in any way obstructs the reasonable use of the passageway. The facts do not support a finding that the easement has been abandoned, either by intendment or acts on the part of the plaintiffs. In *Gerbig* v. *Zumpano* (7 N Y 2d 327) the court said at page 331: "In order to prove an abandonment it is necessary to establish both an intention to abandon and also some overt act or

failure to act which carries the implication that the owner neither claims nor retains any interest in the easement ⁂ ⁂ ⁂ Furthermore, acts evincing an intention to abandon must be unequivocal. They must clearly demonstrate the permanent relinquishment of all right to the easement". *Norris* v. *Hoffman* (197 N. Y. 578) is not in point. There the passageway was for a specific purpose which vanished with the demolition of the building. As to the use of the easement by the defendants, it would appear that they and their predecessors by continuously parking automobiles along the driveway have been exercising a right to which they have no claim under the easement. The dominant owners of the easement, which include both the plaintiffs and defendants, are only entitled to a right of passageway for all ordinary purposes of ingress and egress over the same. (*Grafton* v. *Moir*, 130 N. Y. 465, 467; *Andrews* v. *Cohen*, 221 N. Y. 148, 155; *Calli* v. *Sorci*, 203 App. Div. 327.) We further determine that *Missionary Soc.* v. *Evrotas* (256 N. Y. 86) is not controlling. Factually in that case there was a defined 35 feet right of way, not present here, and after defining the passageway, there followed the broad general provision "and for all other lawful purposes". The present case is more analogous to *Le Sawyer* v. *Squillace* (14 A D 2d 961). We accordingly determine that there has been no abandonment of the easement by the plaintiffs and the construction and use of the side door of the building is not an unreasonable use thereof and that the defendants, as dominant owners, are entitled to all ordinary purposes of ingress and egress. Judgment modified by deleting therefrom "that defendants have no right to park or display automobiles for unreasonably long periods of time along the south side thereof" and in all other respects affirmed, with costs. Settle order on notice. Herlihy, Reynolds and Taylor, JJ., concur; Bergan, P. J., not voting.