JACK G. LUBELLE et al., Appellants, *v.* ROCHESTER GAS & ELECTRIC CORPORATION, Respondent.

Fourth Department, June 25, 1964.

*Lubelle & Friedman (Jerry R. Greenfield* of counsel), for appellants.

*Nixon, Hargrave, Devans & Doyle (William H. Morris* and *Albert L. Beswick* of counsel), for respondent.

*Per Curiam.* This appeal presents the question of compensation for the creation of an alleged additional burden upon the fee of adjoining landowners where a public utility lays a gas main completely within a public highway. Plaintiffs appeal from an order of Special Term which granted defendant-respondent's motion for summary judgment in an action where appellants sought to enjoin respondent from continuing to maintain a gas main in the bed of the street, to compel respondent to remove the pipes and to pay appellants $25,000 for alleged damages sustained by them.

The record indicates that appellants were the owners of a 122-acre farm situated in Monroe County on the north side of State Road, a county highway, in the Town of Webster, having acquired title in 1956. For some period prior to 1959 the Town of Webster had granted respondent a franchise, approved by the State Public Service Commission, to construct and maintain its gas plant within the public highways of the town. In 1959 the demand for gas service in the town had increased so substantially that respondent was required to construct new facilities to provide larger quantities of gas for the service of the properties abutting on State Road and in other parts of the town. Respondent proceeded to install the new gas main on the south side of State Road and completely within the bed of the road. Permission for the construction was given by all of the property owners on the north side up to the boundary of the land owned by appellants. By reason of appellants' objections to the installation of the gas main on their side of the road respondent changed the location of its gas main from the north side to the south side. This fact is uncontrovertibly established by a map of a portion of State Road in the vicinity of appellants' property which is annexed to respondent's affidavit in support of its motion for summary judgment. Directly across from appellants' property is a 49-acre farm the owners of which consented to the installation of the gas main in the roadway in front of their property. A year after the installation had been completed appellants purchased this property on the south side of the road and then instituted their action to enjoin respondent and for damages for respondent's alleged trespass.

In their opposition to summary judgment motion appellants assert that there is an issue of fact by reason of the statement

contained in the affidavit of the individual appellant that an examination of the abstract of title failed to disclose any recorded easement and "That he was not personally aware, at the time of the transfer, of the existence of the gas main in the portion of State Road located south of the center line of the said State Road and in front of the premises purchased in 1960." It is clear from the record that respondent crossed over to the southerly portion of the highway in order to avoid any difficulty with appellants and solely because of appellants' objection to the construction of the main in front of their property on the northerly side of the road. In our judgment the statement of lack of knowledge on the part of appellants is so clearly refuted that it raises no issue of fact which would require the denial of the summary judgment motion. Appellants having purchased the property a year subsequent to the installation of the main and under circumstances conclusively negating their claim of lack of knowledge of the presence of the line, and with no showing whatsoever of any damage, the complaint was properly dismissed.

The applicable principle of law was well stated more than 100 years ago in *Williamson* v. *Brown* (15 N. Y. 354) in the following quotation from page 362: "the true doctrine on this subject is, that where a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a *bona fide* purchaser." (Also, see, *Phelan* v. *Brady,* 119 N. Y. 587, 591; *Sanzone* v. *Niagara Mohawk Power Corp.,* 36 Misc 2d 279, affd. 19 A D 2d 861; *Corning* v. *Lehigh Val. R. R. Co.,* 14 A D 2d 156, 165.)

Although it is unnecessary to reach the interesting point raised by respondent that it had not subjected plaintiffs' real property to any additional burden by laying a gas main within the public highway, it may not be inappropriate to comment briefly upon this subject. Appellants urge that there is substantial authority in past decisions to sustain their right to compensation because the installation of this public utility is alien to the scope of the original grant for highway purposes and therefore casts a burden upon their fee (*Osborne* v. *Auburn Tel. Co.,* 189 N. Y. 393; *City of Buffalo* v. *Pratt,* 131 N. Y. 293; *Matter of Bloomfield & Rochester Natural Gas-Light Co.* v. *Calkins,* 62 N. Y. 386). This narrow interpretation has occasionally been extended in fostering the safety of the traveling

public, as for example, in the case of electric light poles and facilities (*Palmer* v. *Larchmont Elec. Co.,* 158 N. Y. 231). It has not been liberalized to include the installation of gas facilities, although such a broader interpretation is certainly more realistic. Intimations of a more enlightened view there have been (*Van Brunt* v. *Town of Flatbush,* 128 N. Y. 50; *Ferguson* v. *Producers Gas Co.,* 286 App. Div. 521) but no clear pronouncements. However the law must be responsive to changing needs and be sufficiently viable to reach accommodation with reality. True it is that flexibility must never be used as a cloak for deprivation of property rights and any relegation of private property rights to a position subservient to public rights must be carefully weighed when the contest is essentially between a public utility in business for profit and an individual who owns land for his own use and profit. Of course, it must be noted that although engaged in a private business, the respondent's activities are closely related to the public interest (*Matter of Penn-York Natural Gas Corp.* v. *Maltbie,* 164 Misc. 569). In view of contemporary conditions, it would seem appropriate that if a use is sanctioned by proper public authority, and in no way impairs the right of free passage, and is not unreasonably injurious to the adjoining property owner and is directly advantageous to the public, that use does not constitute a compensable, additional servitude on the fee, so long as it is confined to the limits of the highway. Other jurisdictions have recognized that a public easement includes every reasonable means for the transmission of intelligence and the conveyance of persons and property which our era makes suitable and necessary for the good and welfare of the public (*McCullough* v. *Interstate Power & Light Co.,* 163 Wash. 147; *Herold* v. *Hughes & Hamilton Gas Corp.,* 141 W. Va. 182).

It is anachronistic to draw any distinction between urban and rural servitudes (*Thompson* v. *Orange & Rockland Elec. Co.,* 254 N. Y. 366; 3 Nichols, Eminent Domain [3d ed.], § 10.4, subd. [3], Gas Pipes, pp. 307–308). It is equally incongruous to seem unaware not only of the benefit conferred by gas facilities but also of the public interest in the realization of such benefits. In the absence of a showing of damage and any incompatability between the installation of the facilities and the use of the street for public travel, the fee owner should not be entitled to compensation (18 Am. Jur., Eminent Domain, § 207, Sewers, Water Pipes, and Gas Pipes, p. 838).

However, as indicated above, the actual notice of the presence of the gas main prior to the purchase of the property by

appellants is in itself sufficient reason for denying appellants' recovery.

WILLIAMS, P. J., GOLDMAN, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Judgment and order unanimously affirmed, with costs.