GERALD TUCCI, Appellant, v. CYNTHIA SALZHAUER, Respondent.— In an action to enjoin defendant (a) from preventing plaintiff from clearing for pedestrian use a right of way over defendant's property to the high water mark of Hempstead Harbor, upon which defendant's property fronts (first cause of action), and (b) from interfering with plaintiff's rights under the doctrine of "*jus publicum*" to use the land between the high and low water marks of Hempstead Harbor in front of defendant's property (second cause of action), plaintiff appeals, as limited by his notice of appeal and his brief, from so much of a judgment of the Supreme Court, Nassau County, entered April 19, 1972, as, after a nonjury trial, (1) dismissed the second cause of action, (2) enjoined plaintiff (upon a counterclaim) from reclining, or using or inducing others to do so, on the foreshore in front of defendant's property, when the tide is out, other than to pass over it as a means of access between the upland and the waters of Hempstead Harbor, (3) limited plaintiff's right to use the foreshore in front of defendant's property under the doctrine of "*jus publicum*" to (a) "boating, bathing, fishing or other lawful purposes" when the tide is in and (b) "pass and repass over the foreshore as a means

of access to the water for the same purposes" when the tide is out and (4) decreed that plaintiff's right of way over defendant's property may not be traversed by "baby carriages". Judgment reversed insofar as appealed from, on the law, with costs; plaintiff is granted the relief sought by him on his second cause of action, but only to a limited extent, namely, that his right to use the foreshore of Hempstead Harbor in front of defendant's property under the doctrine of "*jus publicum*" is limited to the following: When the tide is in, he may use the water covering the foreshore for boating, bathing, fishing and other lawful purposes; and when the tide is out, he may pass and repass over the foreshore as a means of access to reach the water for the same purposes and to lounge and recline thereon; and case remanded to Special Term for the entry of an amended judgment in accordance herewith. The findings of fact below are affirmed. This action involves the use of the foreshore of Hempstead Harbor, which is owned by the Town of Hempstead and not by defendant, and which lies adjacent to defendant riparian owner's property. The foreshore of navigable waters is the "land under the waters of the sea and its arms, between high and low-water mark" (*Tiffany* v. *Town of Oyster Bay*, 234 N. Y. 15, 20). The foreshore, in the first instance, is subject to the right of the public ("*jus publicum*"), of which plaintiff is a member, to use it for fishing, bathing, boating and other lawful purposes and, when the tide is out, the right of the public of access to the water for fishing, bathing, boating and other lawful purposes, to which the right of access over the beach may be a necessary incident (*Tiffany* v. *Town of Oyster Bay, supra*; *Barnes* v. *Midland R. R. Term. Co.*, 193 N. Y. 378). The right of access comprehends, "necessarily and justly, whatever is needed for the complete and innocent enjoyment of that right" (*Trustees, Town of Brookhaven* v. *Smith*, 188 N. Y. 74, 87). Applying the applicable principles to the facts in the record before us, we are of the opinion that plaintiff's use of the foreshore herein for reclining and lounging is consistent with and necessary for the complete and innocent enjoyment of his right of access to the waters of Hempstead Harbor. There is nothing in the cases cited by Special Term which limits the public as a matter of law to access to and from the water without lounging or reclining. Plaintiff's right of way over defendant's property was created for pedestrian use only. Special Term ruled that such a right of way could not be traversed by a baby carriage because it is a vehicle. In our opinion, that was error. (*Caronia* v. *Muller*, 250 App. Div. 722; *Eichinger* v. *Krouse*, 105 N. J. L. 402; Vehicle and Traffic Law, § 159; see, also, *Falco* v. *Minzner*, 28 Misc 2d 300.) Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.