▮ Ross A. MUXWORTHY, Respondent, v WILLIAM MENDICK et al., Appellants.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendants assert

that plaintiff did not have an easement of parking rights in defendants' property because they lacked notice of such easement and because the provisions of a duly recorded lease could not be incorporated into a deed. Additionally, defendants assert that if plaintiff does have an easement of parking rights, plaintiff should pay a proportionate share of the cost of maintaining such parking areas. By deeds recorded in the Monroe County Clerk's office in 1917 and 1955, John F. Muxworthy, Sr. (Muxworthy, Sr.) became owner of a certain property in Irondequoit, New York. In 1955 Muxworthy, Sr., leased to Loblaw, Inc., all of said premises except for a rectangular piece in one corner, upon which stood the Muxworthy Hardware Store. The lease provided that the owners of the Muxworthy Hardware Store, customers of the store and other tenants of the hardware store building could use the parking lots located on the portion of the property leased to Loblaw, Inc. Loblaw, Inc., covenanted to light and snowplow the parking lot. This lease was duly recorded in the Monroe County Clerk's office. In 1958 Muxworthy, Sr., deeded the corner portion of the property, upon which stood the hardware store, to his son, the plaintiff herein. The deed transferred the property "Together with all rights and privileges in the parking areas * * * which parking areas are used jointly with Loblaws store pursuant to terms of a lease heretofore entered into between [Muxworthy, Sr.] and Loblaws." The deed was duly recorded in the Monroe County Clerk's office. Loblaw did not renew the lease and upon Muxworthy, Sr.'s, death in 1973, defendants first leased, then purchased from the Muxworthy, Sr., estate the property formerly leased to Loblaw. The purchase offer provided that defendants would take the property subject to the "rights and privileges of [plaintiff] in the parking areas on the premises as such rights and privileges are set out in a deed recorded in Monroe County Clerk's Office." The executor's deed to defendants provided that defendants took the property "Subject to the covenants, easements and restrictions of record." In 1976, after a dispute concerning plaintiff's parking rights, plaintiff commenced an action in Supreme Court, Monroe County, for a declaratory judgment to define his rights and privileges in defendants' parking lot. Special Term granted plaintiff's motion for summary judgment and declared that the provision in the 1958 Muxworthy, Sr., deed to plaintiff was a "clear and effective conveyance of parking rights;" that the deed gave plaintiff "the same rights and privileges in the leased premises as were reserved by [Muxworthy, Sr.] by the terms of the Loblaws lease;" that this included the covenants of maintenance, upkeep and repair; and that the recording of the deed was constructive notice to defendant. The recording of the Muxworthy, Sr., deed was constructive notice to defendants of the plaintiff's easement (*Long Bldg. v Brookmill Corp.,* 276 App Div 1087). In addition, defendants' purchase offer shows that they had actual notice of the easement. We reject defendants' argument that the above notice was only "effective to inform defendant-appellant of rights claimed by plaintiff-respondent, not to inform defendant-appellant of the rights actually possessed." The Muxworthy, Sr., deed was an express grant of an easement in parking rights in the property subsequently sold to defendants. The reference in the deed to the Loblaw lease makes more specific the location of these parking rights and Special Term properly referred to this lease in order to delineate the extent of these rights. Special Term, however, incorrectly determined that the Muxworthy, Sr., deed also incorporated covenants requiring defendants to light and snowplow the parking areas covered by plaintiff's easement. The language of the Muxworthy, Sr., deed is insufficient to create a covenant to light and snowplow, and the reference to the Loblaw lease is insufficient to incorpo-

rate any covenant contained therein. Therefore, the rights and duties between the parties are governed by the general law of easements, which is that the servient tenement is under no obligation other than the passive duty to submit to use by the dominant tenement; the servient tenement is not required to perform maintenance or repairs necessary to keep the easement in condition for use by the dominant tenement *(Greenfarb v R. S. K. Realty Corp.,* 256 NY 130; *Cesario v Chiapparine,* 21 AD2d 272). Accordingly, Special Term's order must be reversed to the extent it finds a covenant requiring defendants to light and snowplow the parking area. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons and Hancock, Jr., JJ.