OPINION OF THE COURT
Louis Grossman, J.
This is an action by the infant plaintiff, Joel Errante, and his mother to recover damages for personal injuries suffered by infant in a fall when he struck a hole in a sidewalk while *897 roller skating. Plaintiffs allege that the defendant, City of New York ("City”), owed them a duty to maintain the sidewalk in a safe and proper condition and that it negligently failed to do so. Defendant City moves for summary judgment dismissing the complaint.
The City does not dispute that it owes to all persons lawfully using its sidewalks a duty to maintain them in a condition reasonably safe for ordinary, customary and usual modes of use. However, it is the City’s contention that it owes no duty to maintain its sidewalks in perfect condition or in such a condition as would be safe for unusual and extraordinary uses. The City claims that roller skating is such an extraordinary use.
In Rivera v City of New York (39 AD2d 606, affd 32 NY2d 726) an infant was injured in a fall while riding a bicycle on a public sidewalk when its front wheel struck a hole near the curb. In that case, the court held that a municipality was bound only to keep its sidewalks in a condition reasonably safe for their ordinary use and that no negligence would be charged to the City in an accident of this type. (See, also, Olsen v City of New York, 49 AD2d 884.)
In another case, the same result was reached where an infant coasting on a sled upon a sidewalk was hurt when he hit a tree stump (Levy v City of New York, 255 App Div 857, affd 280 NY 637). Similarly, where an adult riding a bicycle was injured when she ran into a tree limb lying across a sidewalk, the municipality was held not to be responsible (Hart v Town of Brookhaven, 261 App Div 923). More recently, a court held that no duty was owed by the City to an infant injured while using a skateboard upon a cracked sidewalk (Cygielman v City of New York, 93 Misc 2d 232).
As the afore-mentioned cases illustrate, municipalities have consistently been found free from liability in negligence for injuries sustained as a result of uses of their sidewalks which are not customary. In all of these cases, it was the skateboard, sled, bicycle or other such user-propelled coasting device of the injured party which removed the case from what the City was expected to contemplate as the ordinary usage of its sidewalks. The extra degree of speed which can be attained by such devices and the limited amount of control which can be exercised in their use makes them inherently dangerous in and of themselves. It was for this reason that the City did not owe a duty to make its sidewalks safe for their use.
*898 In the court’s opinion, it is evident that roller skates should not be placed in the same category as dangerous instrumentalities. The use of roller skates by children on a sidewalk has long been considered a safe means of recreation and is commonplace. For the City to claim that roller skating is an unusual and extraordinary use of its sidewalks which it did not and was not expected to contemplate is absurd.
A person on roller skates, whether an infant or adult, makes no more unusual use of a sidewalk than an everyday pedestrian traveling on foot. Although a pedestrian is usually one traveling by foot alone, the use of roller skates or another simple mechanical device does not in itself remove the person from that classification. If this were so, a person in a wheelchair or on crutches would be considered- as using a sidewalk in an extraordinary manner. This is clearly not the case.
A decision in a New Jersey action, cited with approval in Caronia v Muller (250 App Div 722), provides a definition of a pedestrian that is useful. Even though it is from a case involving an automobile accident, the definition is equally applicable to the situation presented herein: "While it is true that a pedestrian is ordinarily understood to be one who travels on foot, nevertheless, the mere circumstances, that he or she has attached to his or her feet roller skates, ... or uses crutches, or is without feet and propels himself or herself along, by means of a chair or by some other mechanical device, does not clothe him or her, in a broad and general sense, with any other character than that of a pedestrian.” (Eichinger v Krouse, 105 NJL 402, 405.)
Unlike a bicycle or other potentially dangerous coasting device, roller skates are fastened to a person’s feet and thereby can be used safely with high degree of control. It is only the introduction of a device which is inherently dangerous in and of itself which removes the person from the realm of the pedestrian.
Roller skating upon a sidewalk is a contemplated use and a municipality owes the user the duty of keeping the sidewalk in a reasonable and safe condition for such use.
Accordingly, the defendant’s motion for summary judgment is denied.