■ ROBERT G. MARRA et al., Respondents, v ALBERT SIMIDIAN et al., Appellants. — Appeal from a judgment of the Supreme Court which determined rights in an easement in favor of plaintiffs, entered February 1, 1980 in Warren County, upon a decision of the court at a Trial Term, without a jury. This appeal involves the uses that the plaintiffs can make of their easement of "egress and ingress" to Lake George. The plaintiffs are the present owners of three separate adjoining parcels of land located about 360 feet from the lake shore on the westerly side of Seeley Road — a road that runs generally north and south and divides the lands of the plaintiffs from the land of the defendants. The defendants' land is situated on the easterly side of Seeley Road, opposite that of the plaintiffs, and has 88 feet of lake frontage on the western shore of the lake. Originally, all of the land now owned by these parties was owned by Henry P. Boyack and June E. Boyack, his wife. When the Boyacks conveyed the lands to the plaintiffs, they created an easement, which is the core of the dispute herein, to give these owners access to the lake. A description of the easement granted follows: "It is also intended herewith to grant a twelve (12) foot right of way to be used for the purposes of egress and ingress to the lake shore, and to be used in common by [plaintiffs] with others, over the southerly most portion of lands of Henry P. Boyack and June E. Boyack located on the easterly side of Seeley Road. [Plaintiffs] shall have the right to use and maintain the present water line with pump, in conjunction with others." As long as the Boyacks owned the servient estate, the easement was used by the plaintiffs, not only for egress and ingress, but for swimming, sunbathing and water skiing, without disruption or dispute. When the Boyacks conveyed to one Kubricky, however, the deed to him recited only that the easement was to be used for egress and ingress and made no mention of the plaintiffs' right to use and maintain the pump. After mesne conveyances, the servient estate was deeded to the defendants, and again the deed contained no reference to the plaintiffs' right to use and maintain the pump. When a dispute arose among the parties, the defendants sought to cut off the plaintiffs' use of the easement for all but egress and ingress. Thereupon the plaintiffs brought this action for a judicial determination of their rights under the easement and for damages. In answer, the defendants counterclaimed to enjoin the plaintiffs' use of the pump and affirmatively alleged that they were bound only by the easement of

"egress and ingress" as provided in their deed and by no other use; and that they lacked knowledge, actual or constructive, of any other uses made of the easement by the plaintiffs. The trial court held that the plaintiffs were not entitled to damages but that under the easement the plaintiffs had the right to: "(a) enter upon said easement to use and maintain the present water line and pump; (b) transport any and all boats by car or otherwise which can traverse the 12-foot easement without surpassing its bounds for the purpose of launching said boats at the end of the easement on Lake George; (c) store boats on the easement; and (d) sunbathe on the easement and swim in the lake." We agree with the trial court's declaration of the plaintiffs' rights as set forth above in subdivisions (a), (b) and (d). As to the plaintiffs' right to use and maintain the pump, the defendants were charged with record notice of the easement which granted the plaintiffs such right, even though the deed to the defendants contained no mention that the easement which burdened their land also included the plaintiffs' right to use and maintain the pump. Clearly, the plaintiffs were granted such right in the original easement given by the common grantor and the defendants' title search back to the common grantor would apprise them of such additional encumbrance. This knowledge would be sufficient to put the defendants on inquiry to ascertain the extent of such encumbrance (Lubelle v Rochester Gas & Elec. Corp., 21 AD2d 369, 371). Additionally, all the elements of an easement by implication in favor of the plaintiffs' use and maintenance of the pump are present here and have been met (2 Warren's Weed, New York Real Property [4th ed], Easements, § 6.01 and cases cited therein). Accordingly, the determination by the trial court as to the plaintiffs' right to use and maintain the pump was correct. As to the declaration of the plaintiffs' rights contained in subdivisions (b) and (d) above, we further agree that the uses described therein are reasonable and incidental to the enjoyment of the easement granted (Tucci v Salzhauer, 40 AD2d 712, affd 33 NY2d 854; Des Fosses v Rastelli, 283 App Div 1069). The grant of a right of egress and ingress creates a general right of way (Arnold v Fee, 148 NY 214) and implies a use for all reasonable purposes (Anthony v Bardeschewski, 49 Misc 2d 1030). Considering that this easement was granted to provide access to Lake George, boating, swimming and sunbathing were properly held by the trial court to be reasonable uses of the easement granted. We are of a different view, however, in regard to the determination made by the trial court in subdivision (c), granting the plaintiffs the right to store boats on the easement. The right of egress and ingress does not confer upon dominant tenants the right to park vehicles along the right of way (Ernst v Keniry, 19 AD2d 938, 939, affd 14 NY2d 668). As in Ernst, the grant herein was not expanded by the broad general provisions of "for all other lawful purposes". Whatever storage rights accrued to the plaintiffs during the ownership of the servient estate by the Boyacks were in the nature of a license and were extinguished upon the conveyance of the servient estate by the Boyacks to the defendants' predecessors in title (Panama Realty Co. v City of New York, 158 App Div 726). The plaintiffs failed to prove money damages and the finding of the trial court in that regard was correct. The judgment of the trial court should, therefore, be modified to strike the declaration that plaintiffs and their successors in interest have the right to store boats on the easement. Judgment modified, on the law and the facts, by striking so much thereof as declared that plaintiffs and their successors in interest have the right to store boats on the easement, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

■ WILLIAM C. ASSINI, as Administrator of the Estate of GAIL P. GABRIEL,