OPINION OF THE COURT
Daniel F. Luciano, J.
Ordered that this motion by the defendants, Edward J. Taggart and Rosemary Taggart, for summary judgment dismissing the complaint is granted and this cross motion by the plaintiff, William Witter, for summary judgment is denied.
The plaintiff, William Witter, commenced this action seeking a judgment directing the defendants, Edward J. Taggart and Rosemary Taggart, to dismantle and remove a dock, which is allegedly in violation of a covenant against the erection of such a dock, and to permanently enjoin the building of any such dock in the future. Pending before the court are a motion and a cross motion for summary judgment.
*445 The parties’ residences are situated on lots which have separately been deeded through a series of conveyances, but which were conveyed from a common grantor. The covenant against the erection of a dock, which allegedly impairs the plaintiff’s, William Witter, view from his property, was given by the common grantor in the deed which conveyed the property now owned by the plaintiff. No recitation of such a restriction on the use of property is found in the chain of title from the common grantor to the defendants, Edward J. Taggart and Rosemary Taggart, who now own the allegedly servient estate.
The primary issue in dispute is whether the defendants, Edward J. Taggart and Rosemary Taggart, may be charged with notice of the covenant given by the common grantor which exists only in the chain of title of the allegedly dominant estate.
In asserting that they are not charged with notice of a covenant not appearing in their chain of title the defendants, Edward J. Taggart and Rosemary Taggart, rely upon the decision of the Court of Appeals in Buffalo Academy of Sacred Heart v Boehm Bros. (267 NY 242) in which the court stated: "In the absence of actual notice before or at the time of his purchase or of other exceptional circumstances, an owner of land is only bound by restrictions if they appear in some deed of record in the conveyance to himself or his direct predecessors in title. * * * This rule would seem to be implicit in the acts providing for the recording of conveyances. Recording constitutes notice only of instruments in the chain of title of the parcel granted. To have to search each chain of title from a common grantor lest notice be imputed would seem to negative the beneficent purposes of the recording acts.” (267 NY, at 250.)
The plaintiff, William Witter, asserts that this principle is not controlling here. Reliance is placed upon a statement made by the Appellate Division, Second Department, in Ammirati v Wire Forms (273 App Div 1010, affd 298 NY 697). In that case the Appellate Division indicated that the application of Buffalo Academy of Scared Heart v Boehm Bros, (supra) should be limited stating: "It deals only with a covenant imposing building restrictions upon the use to which the property may be put. Such restrictions are not analogous to an easement. That case, therefore, must be confined to its own facts.” The Court of Appeals affirmed without an opinion. *446 Thus, it is not clearly established that the Court of Appeals adopted the quoted statement from the Appellate Division, Second Department, since it appears that the Appellate Division had also concluded that an examination of . the chain of title of the servient estate would have revealed the existence of the disputed easement in Ammirati v Wire Forms (supra). (10 Carmody-Wait 2d, NY Prac § 70:427.)
Certainly a statement made in an opinion of the Appellate Division, Second Department, even if it constitutes dicta, is not to be lightly disregarded.
Moreover, subsequent reliance has been placed on Ammirati v Wire Forms (supra). (E.g., Long Bldg. v Brookmill Corp., 276 App Div 1087.) In addition, there appears to be more recent authority in support of Ammirati v Wire Forms (supra), albeit without mentioning that case by name. (Marra v Simidian, 79 AD2d 1046; Muxworthy v Mendick, 66 AD2d 1017.)
The court, however, concludes that the defendants, Edward J. Taggart and Rosemary Taggart, in this case are charged with notice only of the restrictions and covenants appearing in their chain of title.
First, since the covenant in question in this case imposes a restriction upon the use to which the defendants’, Edward J. Taggart and Rosemary Taggart, property may be put, it does not seem to be inconsistent with the limiting statement from Ammirati v Wire Forms (supra), to conclude that the controlling authority herein is Buffalo Academy of Sacred Heart v Boehm Bros, (supra).
Moreover, it is not clear to the court that Buffalo Academy of Sacred Heart v Boehm Bros, (supra) is to be limited as suggested by Ammirati v Wire Forms (supra).
It may be noted that in 49 NY Jur 2d, Easements, § 163 the following statement is included (at 280): "If a deed or a contract for the conveyance of one parcel of land, with a covenant or easement affecting another parcel owned by the same grantor, is duly recorded, the record is constructive notice to a subsequent purchaser of the latter parcel. The rule is based generally on the principle that a grantee is chargeable with notice of everything affecting his title that could be discovered by examination of the records of the deeds or other muniments of title of his grantor.” As authority for this rule, which seems irreconcilable with Buffalo Academy of Sacred Heart v Boehm Bros (267 NY 242, supra), two cases which preceded the Buffalo Academy case are cited. One of these, *447 Holt v Fleischman (75 App Div 593), was discussed by the Court of Appeals in Buffalo Academy of Sacred Heart v Boehm Bros. The Court of Appeals concluded that Holt v Fleischman (supra) stood for a different principle stating: "In the Appellate Division there is an instance where a covenant in one deed has been held to affect property subsequently deeded by the common grantor free from the covenant. In that case, however, the covenant in the prior deed sought to establish a front line for adjacent houses. From the facts and circumstances it was held that the defendant had notice of the restrictive covenant in the earlier deed. Any one building in a residential section who projects his house farther into the street line than the adjacent house might be said to be put on notice as to whether he is restricted from so doing, either by a general plan of building or by some right or easement which his adjacent neighbor may have acquired.” (267 NY, at 251.)
Further, the broad, unlimited statement from Buffalo Academy of Sacred Heart v Boehm Bros, (supra) is cited as the appropriate rule in several sections of 4A Warren’s Weed, New York Real Property, Recording, § 5.06; Restrictive Covenants, § 2.06 (4th ed), and 5A Warren’s Weed, op. cit., Title Examination, § 5.18 (4th ed).
In Doyle v Lazarro (33 AD2d 142, 144, affd 33 NY2d 981) the Appellate Division, Third Department, cited Buffalo Academy of Sacred Heart v Boehm Bros, (supra) for the proposition that "[a] purchaser is not normally required to search outside the chain of title in order to determine if it is defective”. The Court of Appeals affirmed on the opinion of the Appellate Division. More recently the Court of Appeals referred to "the well-established rule that a subsequent purchaser is not chargeable with constructive notice of conveyances that are recorded outside his direct chain of title”, citing, inter alia, both Doyle v Lazarro (supra) and Buffalo Academy of Sacred Heart v Boehm Bros, (supra). (Andy Assocs. v Bankers Trust Co., 49 NY2d 13, 21.)
As the defendants, Edward J. Taggart and Rosemary Taggart, have demonstrated through counsel’s adroit presentation, fine factual distinctions may be drawn between the Buffalo Academy case (supra) and other seemingly inconsistent cases. Those distinctions, however, do not adequately explain why the cases are written in language broader than that which is necessary to distinguish the particular case. Thus, for example, if Long Bldg. v Brookmill Corp. (supra) is distinguishable because "the servient landowner who was *448 seeking to escape the easement had received his deed directly from the grantor who held the dominant estate” one wonders why that distinction was not clearly asserted by the court as the basis for its decision.
Until an appellate court squarely confronts this issue and details the grounds which render Buffalo Academy of Sacred Heart v Boehm Bros, (supra) inapplicable to a given state of facts doubt will remain. Doubt as to appropriate rule of law, however, is not a basis for denial of summary judgment. It is the court’s function to declare the law applicable to a given state of facts and a trial will not resolve an apparent conflict in authorities as to what is the law.
As to the facts presented herein, however, the court concludes that the defendants, Edward J. Taggart and Rosemary Taggart, were not charged with notice of the covenant not included in their chain of title.
With respect to the contention that the plaintiff, William Witter, informed the defendants, Edward J. Taggart and Rosemary Taggart, of the existence of the covenant against the erection of a dock before it was completed, the court finds this issue to be irrelevant. It is the knowledge of the owner of the purported servient estate at the time of purchase which is controlling. (Buffalo Academy of Sacred Heart v Boehm Bros., supra, at 250.)
The court further finds the other bases alleged by the plaintiff, William Witter, for constructive notice on the part of the defendants, Edward J. Taggart and Rosemary Taggart, of the restriction on their right to construct a dock to be without merit. (See generally, 4A Warren’s Weed, op. cit., Restrictive Covenants, § 2.06 [4th ed].)
The defendants, Edward J. Taggart and Rosemary Taggart, are entitled to summary judgment dismissing the complaint.