■ WILLIAM WITTER, Appellant, v EDWARD J. TAGGART et al., Respondents.—In an action to enforce an alleged recorded scenic easement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), entered July 7, 1989, which granted the defendants' motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The instant dispute involves neighbors, the plaintiff William Witter, and the defendants Edward J. Taggart and Rosemary Taggart, whose homes are located on a creek in East Islip. The defendants erected a dock on their premises and the plaintiff challenged this action, urging that this dock was violative of a scenic easement which provided for an unobstructed view of the creek. The Supreme Court, Suffolk County, finding no issues of fact in need of determination, granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff's contentions notwithstanding, we can discern no reason to disturb this determination.

It is a well-established rule of law in New York that in the absence of actual notice, an owner of land takes title subject to easements which may be ascertained by reference to the deed to him or a deed of record to one of his predecessors in title. Matters outside of one's own chain of title do not constitute notice *(see, Buffalo Academy of Sacred Heart v Boehm Bros.,* 267 NY 242). At bar, the dominant tenement (now owned by the plaintiffs) and the servient tenement (now owned by the defendants) were once held by a common owner. When the common owner subdivided the land and sold part of it to a predecessor in title of the plaintiff, he included a covenant that the land sold by him would be benefited by a scenic easement over the lands he retained. However, the covenant was not recorded in the chain of title to the servient tenement. Therefore, the defendants, the present owners of the servient tenement, acquired their land without actual

knowledge of the easement. Since notice of this restriction cannot be imputed to the defendants *(see, Buffalo Academy of Sacred Heart v Boehm Bros., supra,* at 250), they are not bound by the grant of a scenic easement over the land now owned by them.

Accordingly, the defendants' motion for summary judgment dismissing the complaint was properly granted, and the plaintiff's cross motion for summary judgment was properly denied.

In light of our determination, we do not address the parties' remaining contentions. Eiber, J. P., Balletta, Harwood and O'Brien, JJ., concur. *[See,* 144 Misc 2d 444.]