OPINION OF THE COURT
Howard Miller, J.
This is an action brought on behalf of a 12-year-old minor who was struck by defendant’s motor vehicle while operating a foot-propelled scooter along the shoulder of the roadway.
At the charge conference held by the court, defendant’s *781 counsel requested that the court charge sections of the Vehicle and Traffic Law relating to rules to be observed by pedestrians. Plaintiff’s counsel objected upon the grounds that the minor was not a pedestrian as defined in the Vehicle and Traffic Law, since he was on a manual push scooter.
The issue is thus raised whether the infant is classified as a pedestrian and bound by statutes relating to duties of pedestrians, or falls into some other category with differing responsibilities.
Cases on the issue are scant. Briefly, it has been held that to charge that an infant plaintiff on roller skates was included within the term "vehicle” in the Vehicle and Traffic Law is clearly erroneous and prejudicial (Caronia v Muller, 250 App Div 722). Persons on roller skates or other simple mechanical devices have been deemed pedestrians for the purpose of imposing liability upon a municipality for the maintenance of its sidewalks, while persons on skateboards, sleds, bicycles, and other "dangerous instrumentalities” have not (Errante v City of New York, 98 Misc 2d 896; see also, Cygielman v City of New York, 93 Misc 2d 232).
Vehicle and Traffic Law § 130, as amended in 1985, defines a pedestrian as a "person afoot or in a wheelchair.” A wheelchair is defined in section 130-a as "any manual or electrically driven mobility assistance device, scooter, tricycle or similar device used by a person with a disability as a substitute for walking.” The 1985 amendment to the Vehicle and Traffic Law makes it clear that the Legislature intended that infants, as persons under disability, were intended to be regarded as pedestrians while operating a scooter or tricycle.
Such a statutory definition lends support for the definition of pedestrian enunciated by a New Jersey court in Eichinger v Krouse (105 NJL 402, 405, 144 A 638, 639), and followed by the courts in Caronia and Errante (supra): "While it is true that a pedestrian is ordinarily understood to be one who travels on foot, nevertheless the mere circumstance that he or she has attached to his or her feet roller skates * * * or uses crutches, or is without feet and propels himself or herself along by means of a chair or by some other mechanical device, does not clothe him or her, in a broad and general sense, with any other character than that of a pedestrian.”
The court therefore holds that a minor operating a scooter is deemed a pedestrian and the court will so charge.