■ ROBERT T. BURAN et al., Respondents, v MARK A. PERYEA, Appellant. [668 NYS2d 265] —Peters, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered January 10, 1997 in Clinton County, which partially granted plaintiffs' motion for summary judgment.

Plaintiffs' parcel of land, acquired by deed dated February 17, 1988, has frontage on the shore of Lake Champlain (hereinafter the lake). The deed identified the lakefront boundary as

"along the low water mark of Lake Champlain". Defendant, appearing *pro se*, owned a neighboring parcel, acquired by deed dated November 12, 1993, which contained a deeded right-of-way over plaintiffs' parcel to access the lake. The right-of-way stated as follows:

"THE easement herein granted is to be limited as follows:

"A) Ingress and egress to the waters of Lake Champlain over said easement is to be limited to foot travel only;

"B) Only boats which can be carried by humans may be carried over said right of way;

"C) No trees may be cut on said easement nor may said easement be defaced in any way".

The deed further noted that the boundaries of the servient parcel and the right-of-way over such parcel extended to the low water mark of the lake.

It is undisputed that in May 1996, defendant placed and left his boat on such right-of-way without plaintiffs' permission. In August 1996, plaintiffs commenced this action requesting, *inter alia*, defendant's removal of the boat and a permanent injunction precluding the placement of such boat or any other personal property belonging to defendant. Defendant contended that he was entitled to leave his boat there by the terms of the right-of-way and his acquisition of an easement by prescription.

After plaintiffs moved for summary judgment, defendant further contended that because prior grants of plaintiffs' parcel referred to the high water mark as its boundary, the retention of his boat below such high water mark was proper. In support thereof, he placed into evidence a certified transcription of King George's 1769 original land grant regarding lands along the lake and a deed dated March 30, 1956 which allegedly confirmed that the lakefront boundary of plaintiffs' parcel only extended to the high water mark.

Supreme Court granted plaintiffs' motion for summary judgment on the issue of ownership and the use of the right-of-way. It thus enjoined defendant from storing boats or other vehicles thereon or using such right-of-way in a manner other than within the limitations expressed in his deed. Defendant appeals.*

Upon our review, we find that plaintiffs have wholly satisfied

---

* Defendant's initial brief to this Court contained exhibits not properly in evidence, prompting this Court to render a decision dated September 8, 1997 ordering defendant to refile and thus omit all those exhibits and references to them.

their burden to support the judgment rendered (see, *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). With the burden shifted to defendant to tender proof in admissible form sufficient to require a trial of any issue of fact or an acceptable excuse for the failure to do so (see, *id.*), we find a lack in the requisite tender. Wholly absent is any proof supporting the claim of a prescriptive easement. As to the claim that plaintiffs' parcel extended only to the high water mark as shown by the March 30, 1956 deed, the record reflects that such deed is not within the chain of title regarding the subject parcel. With insufficient evidence to defeat the clear and explicit language of plaintiffs' deed indicating that ownership extended to the low water mark or the language in defendant's deed reflecting that his right-of-way extended to the same area (see, *Champlain & St. Lawrence R. R. Co. v Valentine*, 19 Barb 484, 492), Supreme Court properly granted the motion (see, *Stewart v Turney*, 237 NY 117, 129).

As to defendant's contention that even within the limitations of his right-of-way he was permitted, as the owner of the dominant parcel, to store his boat, again we find no merit (see, *Marra v Simidian*, 79 AD2d 1046, 1047). Defendant having failed to raise a triable issue of fact, we affirm Supreme Court's order.

Cardona, P. J., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.