██ Leonard S. Franco, Respondent, v Joseph Piccilo, Appellant. [853 NYS2d 789]—

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by denying plaintiff's motion in part, providing that plaintiff is granted partial summary judgment on liability only on the second cause of action and vacating the last decretal paragraph and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking a permanent injunction enjoining defendant from parking motor vehicles on plaintiff's driveway and seeking damages resulting from defendant's alleged trespass. Plaintiff moved by order to show cause for a preliminary injunction, and defendant made a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (1). Supreme Court denied defendant's motion, and the court sua sponte converted plaintiff's motion to one for summary judgment (*see* CPLR 3211 [c]) and granted plaintiff a permanent injunction as well as money damages. We conclude that the court properly denied defendant's motion inasmuch as the documentary evidence submitted in support thereof did not "conclusively establish[ ] a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). We further conclude that the court properly granted judgment to plaintiff on the issue of liability and granted plaintiff a permanent injunction. "The right of

egress and ingress does not confer upon dominant tenants the right to park vehicles along the right of way" (*Marra v Simidian*, 79 AD2d 1046, 1047 [1981]; *see Ernst v Keniry*, 19 AD2d 938, 939 [1963], *affd* 14 NY2d 668 [1964]). We agree with defendant, however, that the court erred in awarding plaintiff money damages. Plaintiff's entitlement to compensatory damages is based on "the reasonable value of the use of the property" (*Granchelli v Johnson Bldg. Co.*, 85 AD2d 891 [1982]), and plaintiff submitted no evidence that the reasonable rental value of the driveway was $500 per month, the amount demanded by plaintiff from defendant as set forth in the complaint. We therefore modify the judgment by denying the motion in part, providing that plaintiff is granted partial summary judgment on liability only on the second cause of action and vacating the last decretal paragraph, and we remit the matter to Supreme Court for an "immediate trial" on the issue of damages (CPLR 3212 [c]; *see generally Riluc Co. v Reliance Ins. Co. of N.Y.* [appeal No. 2], 181 AD2d 1048 [1992]). Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.