■ FULTON N. CASWELL et al., Respondents, v CLIFFORD BISNETT, Appellant.—Appeal from a judgment, as amended, of the Supreme Court in favor of plaintiffs, entered February 20, 1975 in St. Lawrence County, upon a decision of the court at Trial Term, without a jury. Plaintiffs brought this action pursuant to article 15 of the Real Property Actions and Proceedings Law for a judgment declaring themselves seized of a prescriptive easement across certain lands owned by defendant. Defendant counterclaimed for a

judgment declaring the invalidity of plaintiffs' claim and for money damages. The case was tried before the court without a jury, resulting in a verdict in favor of plaintiffs. This appeal ensued. The record establishes that defendant purchased his property in 1950. It is bordered on the north by a public highway and on the south by plaintiffs' land, and there is a well defined "roadway" leading from the public highway southerly across defendant's land to plaintiffs' property. Prior to 1950, plaintiffs' land was used for farming purposes and, concededly, the use of the roadway by plaintiffs and their predecessors in title was open and continuous for a period of time in excess of the statutory period for prescription, but defendant contends that such use was not adverse. He further maintains that subsequent to 1950 such use, although adverse, was not continuous. In order for the use of another's property to ripen into an easement by prescription, it must be adverse, open and notorious, continuous and uninterrupted for the requisite time period. *(Di Leo v Pecksto Holding Corp.,* 304 NY 505.) The party claiming the easement has the burden of establishing these elements by a high standard of proof. *(Battista v Pine Is. Park Assn.,* 28 AD2d 714.) The record, in our view, does not establish a prescriptive easement prior to 1950. The proof reveals that there existed a cordial and co-operative relationship between plaintiffs and their predecessors and defendant's predecessors, amounting to an acquiescence in the use of such roadway by the former owners. The record further reveals, however, that in 1956 defendant erected a locked cable gate across the roadway and refused to give plaintiffs a key; that thereafter plaintiffs asked defendant to open the gate when it was necessary to use the roadway and, if defendant refused, plaintiffs broke the lock or circumvented the gate to enter; that the locks were broken between 10 and 15 times from 1956 to the date of the trial; that plaintiffs continued to use the roadway as often as they pleased; that at one period defendant's gravel excavations rendered part of the roadway impassable, but plaintiffs then altered its course slightly and continued to use the roadway; and during another period plaintiff Fulton Caswell was out of the State, but the rest of his family continued to use the roadway as before. Considering the record in its entirety, we are of the opinion that plaintiffs have shown that their use of the roadway since 1956 was open, continuous and adverse and they thereby acquired an easement by prescription. The judgment should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.