■ SAUL WEINBERG et al., Respondents, v ERIC SHAFLER et al., Appellants.—Appeal from a judgment of the Supreme Court, entered December 3, 1976 in Columbia County, upon a decision of the court at a Trial Term, without a jury, which declared that plaintiffs had an easement to enter upon lands of defendants for the purpose of using a certain beach area and enjoined defendants from interfering with such easement. This is an action seeking declaratory and injunctive relief. Plaintiffs are the owners of seven separate lots in a development in the vicinity of Lower Rhoda Lake, in the Town of Ancram, Columbia County. Plaintiffs and defendants each recieved their land from a common predecessor, the American Better Camping Association, Inc. (ABC). Seven of the plaintiffs are members of the Weinberg family. Ben Weinberg was one of the principal stockholders of ABC. The controversy involves the claimed easement over defendants' land coupled with swimming and lake privileges, particularly in the area designated No.

1. Plaintiffs used the Weinberg property and the path to swimming area designated as No. 1 from 1941-1942 until 1973, when the area in question was purchased by defendants. Defendants then notified plaintiffs that they could no longer swim in Area No. 1. Thereafter defendants built a fence along the property line obstructing passage over their land to Area No. 1. The instant proceeding was commenced seeking a declaration of the rights of the parties and that defendants be enjoined from maintaining the fence. The trial court declared that plaintiffs had an easement to enter upon the lands of defendants and also enjoined defendants from interfering with the easement. This appeal ensued. Plaintiffs claim an easement by both prescription and deed. Defendants in urging reversal contend otherwise. To acquire an easement by prescription the use must be adverse, open and notorious, continuous and uninterrupted for the requisite time period *(Caswell v Bisnett,* 50 AD2d 672, mot for lv to app den 38 NY2d 709). On this record there is little difficulty in concluding that the use was open, continuous and uninterrupted for the required period of time. The difficulty, in our view, is as to its being adverse. The record demonstrates that many of the plaintiffs are members of the Weinberg family and were on friendly terms. The plaintiffs, however, had the burden of establishing all four elements, including hostility, and all by a high standard of proof *(Battista v Pine Is. Park Assn.,* 28 AD2d 714). Where the use has been shown to be open, continuous and uninterrupted, hostility will be presumed *(Village of Schoharie v Coons,* 34 AD2d 701). This presumption will be rebutted where the user and landowner are related by blood (3 Powell, Real Property, pp 34-116, 34-117) or the user is a small select group of friends. The instant record establishes that the users were relatives and family friends. Consequently, the presumption was negated and the trial court erred in sustaining the presumption. This conclusion is further bolstered by the testimony that some of the plaintiffs swam at bathing Area No. 1 with the permission of the Weinbergs or ABC Corporation. Furthermore, there is no evidence in the record to indicate any hostility between the family members and their friends. Where a finding different from that of the court is not unreasonable based upon all the credible evidence, this court must weigh the probative force of conflicting testimony and the relative strength of conflicting inferences *(Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). It is within the power of this court to grant the judgment which, upon the evidence, should have been granted by the trial court *(Grow Constr. Co. v State of New York,* 56 AD2d 95). Upon examination of the credible evidence, we are of the view that no easement by prescription exists. We also reject plaintiffs' contention that they were granted easements by deed. An examination of the language of the various deeds to plaintiffs and their predecessors in title demonstrates to us that there was no grant of an express easement over the property of either Ben Weinberg or ABC Corporation. While some of the deeds but not all contain swimming rights, it is specifically stated that access to the swimming area was over regular roads provided on a certain map. Such language indicates to us that the swimming rights were to Area No. 3 and not No. 1. The record reveals that Area No. 3 was accessible by regular roads while Area No. 1 was not and no road leading to Area No. 1 can be found on the map. It is also significant that one year prior to the conveyances to certain plaintiffs, defendants' predecessor in title was granted an easement by ABC to swimming Area No. 2 described specifically by metes and bounds. No such specific easement to Area No. 1 was granted by ABC to plaintiffs or their predecessors in title. Considering the record in its entirety, therefore, we are of the opinion that

plaintiffs acquired no easements by deed. Accordingly, the judgment must be reversed. Judgment reversed, on the law and the facts, with costs and judgment directed to be entered declaring that no easement by deed or prescription exists for plaintiffs over defendants' land. Mahoney, P. J., Sweeney and Staley, Jr., JJ., concur.

Greenblott, J., dissents and votes to affirm in the following memorandum. Mikoll, J., not taking part. Greenblott, J. (dissenting). In my view, the plaintiffs acquired by virtue of their deeds, an easement over defendants' land to swim at Area No. 1. The plaintiffs and their predecessors used a 150-foot path across property then owned by the common grantor, ABC Company (ABC) to reach Area No. 1. They used the path and enjoyed Area No. 1 continuously, openly and without interruption from 1940 until 1973. Some of the plaintiffs' deeds granted them bathing and swimming privileges at the "designated place now set apart therefore" by ABC and granted a right of ingress to and egress from that designated place. I disagree with the majority's conclusion that the swimming rights were to Area No. 3 and not No. 1. The record reveals that Area No. 1 was in the immediate vicinity of all the plaintiffs' homes and was accessible by way of a 150-foot path specifically created and maintained for that purpose. The uncontradicted testimony was that plaintiffs and their predecessor enjoyed unrestricted and exclusive use of Area No. 1 for at least 35 years and that they never used Area No. 3, which was over a mile from their homes. Furthermore, defendant Anita Shafler testified that since 1940 she knew that the plaintiffs swam at Area No. 1 and not Area No. 3. This all indicates that ABC intended to provide plaintiffs and their predecessors with the unrestricted use of Area No. 1. In my view therefore, the language of the deeds granted plaintiffs an easement over defendants' land to use Area No. 1 in accordance with ABC's intentions as borne out by the plaintiffs' actual practice for 35 years. The judgment should be affirmed.