■ Harvey J. Kaufman et al., Appellants-Respondents, v S. Eidelberg et al., Respondents-Appellants. (And a Third-Party Action.)—In an action, *inter alia,* for a permanent injunction to enjoin the defendants from interfering with the plaintiffs' use of a footpath located on the defendants' property, in which defendants counterclaimed for related relief, (1) plaintiffs appeal from so much of a judgment of the Supreme Court, Queens County, dated May 8, 1979, as, after a nonjury trial, (a) dismissed their complaint on the merits for their failure to prove that they had obtained a prescriptive easement over defendants' footpath, and (b) directed them to adjust their in-ground lawn sprinkler so that it does not splash water on defendants' footpath or their house and (2) defendants (a) cross-appeal from so much of the same judgment as determined that the plaintiffs are entitled to adverse possession and ownership of an 18-inch wide strip ᴑof defendants' real property running most of the length thereof and directly contiguous to the plaintiffs' property and (b) appeal from an order of the same court, dated August 2, 1979, which denied their motion to resettle the judgment. Judgment modified, on the law, by (1) deleting therefrom the first and fifth decretal paragraphs, and (2) adding thereto the following: "ORDERED, ADJUDGED AND DECREED, that plaintiffs are entitled to a prescriptive easement over a concrete footpath situated between the houses of the parties, located at 78 and 82 Rockrose Place, Forest Hills, Queens County, New York, and the owners of 82 Rockrose Place, as well as their successors in interest, are permanently enjoined from interfering with the use of said concrete footpath by the owners of 78 Rockrose Place, as well as their successors in interest." As so modified, judgment affirmed insofar as appealed from. Order affirmed. The plaintiffs are awarded one bill of costs to cover the appeals. The parties are neighbors. The plaintiffs own and occupy 78 Rockrose Place (hereinafter 78) in Forest Hills, Queens County; the defendants are the owners and occupants of 82 Rockrose Place (hereinafter 82). Both houses are

surrounded by landscaped and well manicured gardens and separated only by a concrete footpath. Such footpath is the only means of ingress and egress to and from the rear side doors of both houses and from their backyards to the street on which the houses front. The footpath and approximately 18 inches of plaintiffs' side lawn are situated on defendants' property. Defendants' house was constructed first and then, at a later date, some 40 years ago, plaintiffs' house was constructed using all the property up to and abutting the footpath, incorporating the 18 inches of defendants' property within the apparent perimeters of 78's dominion. At the outset a need for the dwellers of 78 to use the footpath was established. The testimony adduced at trial undisputedly established that the 18-inch strip of defendants' land was continually and exclusively cared for and cultivated by the owners of 78 as if it was their property from the day the house was occupied. Similarly, the footpath was continually utilized by both residents of 78 and 82 alike for entrance and exit to and from their houses and backyards as well as by delivery men and other persons having business at these houses. This was so at least until 1975, two years after the defendants took title to 82, when they discovered that the footpath was on their property, as was a portion of plaintiffs' garden, and, apparently due to a dispute over the placement of a lawn sprinkler by the plaintiffs, defendants sought to prohibit plaintiffs' use of the footpath. The use of the footpath as well as the 18-inch strip of defendants' property by the plaintiffs and by their predecessors in interest has been open, notorious and uninterrupted from the time the house at 78 was built until some 40 years later when the use was interrupted by the defendants. The 18-inch strip of defendants' property is so incorporated that a physical examination of the two houses would foreclose any conclusion but that the disputed strip of land belongs to the plaintiffs. Furthermore, there is no way in which it may be determined through physical examination whether the footpath is part of 78 or 82. Under this state of facts, we think that a presumption of adverse user of the footpath has been created which it was incumbent upon the defendants to rebut. There is no evidence before us which meets this burden. Accordingly, we find that the plaintiffs have established that their use of the footpath was not permissive, but instead was adverse to the interest of the true owner giving rise to a prescriptive easement (see *Lawrence v Mullen,* 40 AD2d 871; see, also, *Klein v De Rosa,* 137 Conn 586, 588-592; cf. *Pirman v Confer,* 273 NY 357, which was erroneously applied by the trial court herein, wherein the presumption of adverse user was deemed vitiated as regards the individual plaintiff seeking a prescriptive easement, by reason of the fact the right of way he sought as a matter of law was used by him not only in common with the owner thereof, but with the public at large as well [cf. *Klein v De Rosa, supra,* p 591]). Though there is no claim by defendants on this appeal that plaintiffs have failed to prove their alleged ownership by adverse possession of the 18-inch strip of their property, they do assert that this parcel of property is not sufficiently described in the judgment under review. This was also the subject of the motion to resettle wherein the defendants proffered to the trial court a survey made at their request sometime after the judgment on appeal was signed. We think that the so-called 18-inch strip is sufficiently described in the judgment and that it needs no clarification. The judgment was buttressed by a surveyor's rendering annexed thereto. We note that the judgment which was signed by the trial court was submitted by counsel for the defendants and the survey annexed thereto and that proffered by the defendants on their motion to resettle were compiled and drawn by the same surveyor. Though the

defendants sought to have the plaintiffs remove their in-ground sprinkler heads from the 18-inch strip of property, alleging their presence to constitute a trespass, there was no prayer for an injunction preventing plaintiffs from training their sprinklers onto defendants' property. Indeed, the trial court observed that this was not an issue in this case and only permitted testimony on this issue for purposes of determining credibility. In any case, assuming that the issue is properly presented, the proof taken in this respect is so minimal that there is no support for the issuance of the extraordinary remedy of injunction. Hopkins, J. P., Titone, Margett and Weinstein, JJ., concur.