■ GERALD M. NICKOLSON et al., Respondents, v CITY GARAGE OF ELLICOTTVILLE, INC., Appellant. — Order unanimously affirmed, without costs, on condition that plaintiffs' complaint is amended in accordance with memorandum within 20 days from the date of the order herein, and otherwise the order is reversed and the motion to dismiss granted. Memorandum: In this action for a declaration of easement arising by prescriptive use of real property, a temporary restraining order and, later, a preliminary injunction enjoining defendant from obstructing or blocking a strip of land were issued in favor of plaintiffs, Gerald M. and Gerald J. Nickolson. The 25-foot strip of land which is the subject of this litigation provides access from Washington Street — the main thoroughfare in the Village of Ellicottville — to Huey Alley upon which public street the Nickolsons operate a restaurant business. Affidavits in the record attest to the open, continuous and uninterrupted public use of this strip of land for over 50 years. In January, 1979 it was closed by defendant City Garage of Ellicottville, Inc., which leases and occupies a building adjacent to the subject strip of land. The record reveals that this real property is not owned by appellant, but by the estate of Raymond L. Marshall who was the sole owner of the garage until his death. The Marshall estate was not joined as a party defendant in this proceeding. For that reason and also because plaintiffs in their complaint alleged that the use of the subject land had been "permitted", defendant moved to dismiss the complaint for failure to join a necessary party and for failure to state a cause of action. We affirm the order at Special Term which granted a preliminary injunction. For the purpose of sustaining the validity of the complaint, hostile use may be presumed under the circumstances alleged here (see Weinberg v Shafler, 68 AD2d 944, 945, affd 50 NY2d 876). Nonetheless, plaintiffs should amend their complaint to add a necessary party to the action pursuant to CPLR 1003 and otherwise amend their complaint pursuant to CPLR 2001, if they are so advised, and serve the same within 20 days of the date of the order herein and the matter should thereafter promptly proceed to trial. (Appeal from order of Chautauqua Supreme Court — temporary injunction.) Present — Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.