■ DARRELL G. SLATER et al., Respondents, v RAY E. WARD et al., Appellants, and JAMES A. DODDS, as Commissioner of the Delaware County Department of Social Services, Respondent. — Appeal from a judgment of the Supreme Court in favor of plaintiffs and defendant Dodds, entered March 23, 1982 in Delaware County, upon a decision of the court at Trial Term (Farley, J.), without a jury. Plaintiffs Slater brought this action in 1979 pursuant to RPAPL article 15 to compel a determination of a claim of a prescriptive right of way across the lands of defendants Ward (defendants). James A. Dodds, Commissioner of the Delaware County Department of Social Services (county), a named defendant in plaintiffs' action, cross-claimed for a determination that the county also had a prescriptive right of way across defendants' lands. Defendants, by verified answer, denied all assertions of a prescriptive right of way across their lands and asked for injunctive relief. The proof at trial established that the parties own contiguous parcels of property in Roxbury, New York. The boundaries between the three properties are "T" shaped, with plaintiffs' property on the left, defendants' land on the right and the property belonging to the county at the top of the "T". Plaintiffs acquired their title by deed on August 10, 1971 from Mrs. Slater's parents, the Weisenbergers. The Weisenbergers had acquired title by deed on April 18, 1964 from the Hoags. Both of these deeds reserved a right of way adjacent of defendants' property as a driveway, apparently for the benefit of plaintiffs' property and the parcel at the top of the "T" previously owned by the Hoags. Defendants acquired their land by two deeds, dated August 5, 1964 and August 12, 1968. The county took title to the topmost parcel by a 1963 deed from the Du Monds, although the Du Monds continued to reside at the property until 1976. At issue is whether a driveway on defendants' property was used by the county's predecessors as well as by

plaintiffs and their predecessors for periods of years in excess of the term statutorily required for a prescriptive right (RPAPL 311). The finding of the trial court that the driveway over defendants' property had been in regular use by plaintiffs and their predecessors, the Weisenbergers, has ample support in the record. Both Mrs. Slater and her father, Henry Weisenberger, testified that the driveway was regularly used during the summer months from 1964 to 1971 when the Weisenbergers conveyed their property to plaintiffs. This period, when coupled with the Slaters' continued use of the driveway until the time defendants first attempted to interrupt such usage in 1974, satisfies the 10-year period applicable to the Slaters' claim (RPAPL 311; see CPLR 212, subd [a]). Seasonal use does not negate the ripening of a prescriptive right (see *Beutler v Maynard,* 80 AD2d 982, 983). Next, defendants' argument that the Weisenbergers' use cannot be tacked to that of plaintiffs since the deed into plaintiffs did not describe the easement must be rejected. An express grant is not required where, as here, there is sufficient privity between the parties to show an intent to convey the easement (see *Rasmussen v Sgritta,* 33 AD2d 843). Defendants' further contention that hostility of use cannot be presumed where the claimants' use, as here, is nonexclusive and not inconsistent with the owners' use must also be rejected. The fact that defendants and their predecessors used the driveway does not negate the fact that plaintiffs and their predecessors were using the area openly, notoriously and under a claim of right for a period far beyond the statutorily prescribed period (2 NY Jur 2d, Adverse Possession, § 45, p 352). Accordingly, we conclude that the trial court was correct in holding that plaintiffs' use of the driveway was open, hostile and notorious for the statutory period (see *Di Leo v Peksto Holding Corp.,* 304 NY 505). Turning to the county's cross claim, we note that the county acquired its parcel on August 7, 1963 and must, therefore, prove a prescriptive use for 15 years (compare Civ Prac Act, § 35, with RPAPL 311 [eff Sept. 1, 1963]; see *Reiter v Landon Homes,* 31 AD2d 538). Defendants argue that even though the county may tack on the use of their immediate predecessors, Mr. and Mrs. Du Mond, the prescriptive period could not have begun prior to 1961, and, accordingly, the statutory period had not run when defendants fenced the roadway in 1974. This argument is premised on the principle that in order to acquire an easement by prescription the use must be adverse, open and notorious, continuous and uninterrupted for the requisite time period (*Caswell v Bisnett,* 50 AD2d 672, mot for lv to app den 38 NY2d 709). Here, defendants insist these conditions did not exist from 1956 to 1961, a period sought to be tacked by the county, when defendants' property was owned by the Du Monds' grandson, Gary, and any such use of the right of way during that period could not have been hostile. This contention does no more than rebut the presumption favoring the county's position that where, as here, the use has been shown to be open, continuous and uninterrupted, hostility will be presumed (*Weinberg v Shafler,* 68 AD2d 944, affd 50 NY2d 876). Accordingly, the county is placed in the position of establishing the element of hostility for the five-year period from 1956 to 1961 by direct proof. The deposition of Mrs. Du Mond, Gary's grandmother, deceased at the time of trial, clearly indicates that she used the driveway regularly while she resided at the property from 1956 to 1976 and that she never asked nor received permission from her grandson, or anyone else, for such use. Gary Du Mond testified that when he owned the property presently owned by defendants he understood the driveway to be a right of way for all users and that he had no right to interfere with such use. Clearly, Mrs. Du Mond used the right of way as a matter of right and her grandson felt that he could not interfere with that use. Family relationship had nothing to do with the claim of right asserted by Mrs. Du Mond. Adverse

use does not require ill will, but a claim of right, and the fact that defendants and their predecessors failed to object does not negate that such a claim was present here from 1956 to 1961. It follows that the Du Monds' use from 1956 can be tacked to that of the county commencing with its ownership in 1963. Accordingly, the prescriptive requirement is met. Judgment affirmed, with one bill of costs to respondents. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.