■ VITO BORRUSO et al., Respondents, v JOHN MORREALE et al., Appellants.—In an action, inter alia, for a judgment declaring that the plaintiffs have acquired an easement by prescription and to permanently enjoin the defendants from interfering with a driveway existing between their properties on 19th Avenue in Kings County, the defendants appeal from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated December 13, 1986, which, after a nonjury trial, inter alia, declared the existence of the easement and enjoined the defendants from interfering with it.

Ordered that the judgment is affirmed, with costs.

The trial evidence established that attached garages divided by a party wall straddled the boundary line at the rear of the parties' adjacent properties located at 8650 and 8654 19th Avenue in Kings County. During the time between the construction of the houses prior to 1924 and the summer of 1984, both the plaintiffs, and their predecessors in interest, and the defendants, and their predecessors in interest, could not gain automobile access to their respective garages without driving over portions of each others' property on a driveway between the houses. During the summer of 1984 the defendants removed a section of their porch, enabling them to gain access to their garage without driving over any portion of the plaintiffs' property. However, the plaintiffs were still unable to gain access to their garage without driving over a portion of the defendants' property. When the defendants installed a barrier on their side of the boundary line, precluding the plaintiffs from gaining access to their garage, the instant action to establish the easement was commenced. The trial court found for the plaintiffs. We now affirm.

An easement by prescription requires proof of the adverse, open, notorious and continuous use of another's land for the prescriptive period (see, Di Leo v Pecksto Holding Corp., 304 NY 505; Susquehanna Realty Corp. v Barth, 108 AD2d 909).

Under ordinary circumstances an open, notorious, uninterrupted and undisputed use of a right-of-way is presumed to be adverse or hostile, under claim of right, and casts the burden upon the owner of the servient tenement to show that the use was by license *(see, Di Leo v Pecksto Holding Corp., supra; Kaufman v Eidelberg,* 78 AD2d 674, 675; *Weinberg v Shafler,* 68 AD2d 944, 945, *affd* 50 NY2d 876).

The record adequately supports the finding that the plaintiffs' use of the right-of-way was open, notorious, uninterrupted and undisputed for well beyond the prescriptive period *(cf., Lawrence v Mullen,* 40 AD2d 871). It was, therefore, presumed to be adverse or hostile, under a claim of right, casting the burden upon the defendants as owners of the servient tenement to show that the use was by license. The defendants made no such showing.

While it is true that in a case such as this a neighborly relationship between the parties and/or their respective predecessors in title may create an implication that the use of disputed property was permissive and not adverse or hostile *(see, e.g., Hassinger v Kline,* 91 AD2d 988, 989), the fact that the defendants' predecessors also used the driveway does not negate the presumption of adverse or hostile use by the plaintiffs *(see, Slater v Ward,* 92 AD2d 667, 668). Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.