■ MAYNARD REED, Appellant, v JAMES J. PIEDIMONTE et al., Respondents.—Order unanimously reversed on the law without costs, and judgment granted plaintiff, in accordance with the following memorandum: Plaintiff demonstrated by clear and convincing evidence that his employees and tenants openly and notoriously used the driveway from Geddes Street to plaintiff's warehouse from 1943 until 1970 (when defendant James Piedimonte purchased the land encompassing the driveway area) and thereafter until access was permanently blocked in 1985. Although defendants presented evidence that temporary barricades were erected by the predecessors in title and others during the 1950's and by defendants in the 1970's, there was no proof that these temporary devices ever effectively interfered with, or disturbed, plaintiff's continuous use of the driveway *(see, Caswell v Bisnett,* 50 AD2d 672, *lv denied* 38 NY2d 709).

Once the party claiming prescriptive use of an easement demonstrates that the use was open and notorious, continuous and uninterrupted for the prescriptive period, a presumption arises that such use was adverse, and the burden is on the servient landowner to prove that the use was by permission or license *(Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512; *Beutler v Maynard,* 80 AD2d 982, *affd* 56 NY2d 538). Defendants presented no evidence that express permission was granted during the critical period between 1943 and 1958. Defendants' claim that permission may be implied from their predecessor's neighborly accommodation lacks merit. A mere claim of neighborly accommodation is not proof of permission *(see, Borruso v Morreale,* 129 AD2d 604), and evidence that the predecessor erected a temporary barrier on one occasion negates an implication of permission. Lastly, the trial court correctly determined that plaintiff's use could be adverse even though he was not the exclusive user *(Borruso v Morreale, supra; Slater v Ward,* 92 AD2d 667), and the record indicates that plaintiff (including his employees and tenants) was the

principal user *(see, Epstein v Rose,* 101 AD2d 646, 647, *lv denied* 64 NY2d 611).

The proof demonstrated that plaintiff acquired an easement by prescription well before the date defendant purchased the property. Accordingly, plaintiff is entitled to a judgment declaring that he has an easement and restraining defendants from obstructing the driveway or otherwise interfering with plaintiff's continuous use thereof. (Appeal from order of Supreme Court, Orleans County, Miles, J.—prescriptive easement.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.