■ MELVIN R. CANNON, Appellant, v BRUCE A. SIKORA, Respondent.—In an action, inter alia, to enjoin the defendant from interfering with the plaintiff's use of a right-of-way easement running over a portion of the defendant adjoining landowner's property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered January 2, 1987, which, after a nonjury trial, declared, inter alia, that the plaintiff had no easement, either by grant or by prescription, over any portion of the defendant's property.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, the plaintiff is adjudged to have an easement by prescription over the defendant's property which crosses the rear of that property to gain access to a parking lot, the defendant is enjoined from interfering with the access and use of that parking facility by motor vehicles of the plaintiff, his employees, clients, or tenants, and the complaint is otherwise dismissed.

In this case, the plaintiff claims to have an easement over a driveway which runs over the defendant's land and over property which abuts the defendant's land to the south. The well-settled general rule is that "[u]nder ordinary circumstances an open, notorious, uninterrupted and undisputed use of a right-of-way is presumed to be adverse or hostile, under

claim of right, and casts the burden upon the owner of the servient tenement to show that the use was by license" *(Borruso v Morreale,* 129 AD2d 604, 605; *see also, Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512; *Susquehanna Realty Corp. v Barth,* 108 AD2d 909).

The record in the instant case unequivocally established that the subject driveway was the only feasible manner by which the plaintiff could gain access by automobile to the parking lot to the rear of his property. Furthermore, the record adequately supports the finding that the plaintiff's use of the right-of-way was open, notorious, uninterrupted and undisputed for well beyond the prescriptive period. Accordingly, the plaintiff's use was presumed to be adverse or hostile, under a claim of right, thus casting the burden upon the defendant, as the owner of the servient tenement, to show that the use was by license. The defendant failed to sustain that burden. While the existence of a neighborly relationship between the parties and/or their respective predecessors in title may create an implication that the use of the disputed property was permissive rather than adverse or hostile *(see, Hassinger v Kline,* 91 AD2d 988, 989; 3 Powell, Real Property, Easements and Licenses ¶ 413, at 34-108), the fact that the defendant's predecessor also used the driveway does not negate the presumption of adverse or hostile use by the plaintiff *(Borruso v Morreale, supra,* at 605; *Slater v Ward,* 92 AD2d 667, 668; *cf., Susquehanna Realty Corp. v Barth, supra* [where the presumption of adverse use could not be applied inasmuch as the general public used the subject area]). Significantly, the plaintiff and the defendant's predecessor in title jointly paid for the paving of the driveway as well as the rear portions of the parking lot in back of their respective properties. In addition, they shared expenses for snow and debris removal. The fact that the plaintiff shared in the cost of maintaining the driveway establishes that his use was not merely a neighborly accommodation on the part of the defendant's predecessor in title with the result that the presumption of adverse use remains *(see, Epstein v Rose,* 101 AD2d 646, 647, *lv denied* 64 NY2d 611).

Contrary to the express finding of the Supreme Court, the owner of the parcel which adjoins the defendant's land to the south was not a necessary party to this action (CPLR 1001 [a]). The aforesaid landowner has not interfered with or challenged the plaintiff's use of the subject easement in any way. Nor would the value of his property be in any way affected by a resolution of the dispute between the parties to this action.

Only those persons interested in the subject matter of the action and whose interests are opposed to those of the plaintiff constitute necessary parties. The mere fact that the plaintiff's right-of-way continued from the defendant's parcel onto that of the southernmost landowner does not make the latter a necessary party to the instant action (see, McNeil v Kennedy, 88 W Va 524, 107 SE 203). The owner of the southernmost parcel is not in a position to resist the plaintiff's legal right vis-à-vis the defendant or to take any action designed to preclude the plaintiff from maintaining his action against the defendant alone. Rather, it is very likely that upon resolution of his conflict with the defendant, the plaintiff will maintain his peace with the owner of the southernmost parcel and thereby prevent further litigation on the subject (see, Blenis v Utica Knitting Co., 73 Misc 61, 70, affd without opn 149 App Div 936, affd without opn 210 NY 561).

Accordingly, the injunctive relief sought by the plaintiff is granted on the ground that the plaintiff possesses an easement by prescription over the defendant's property. Weinstein, J. P., Rubin, Spatt and Sullivan, JJ., concur.