■ BURCON PROPERTIES, INC., et al., Appellants-Respondents,

v ANTHONY DALTO et al., Respondents-Appellants; VIRGINIA RHODES et al., Respondents, et al., Defendants.—In an action pursuant to RPAPL article 15 for the declaration of an easement of way over certain real property and to enjoin interference therewith, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated April 7, 1988, as denied their motion for a preliminary injunction and (2) the defendants Anthony Dalto and Superior Steakhouse Systems of Garden City, Inc. cross-appeal, as limited by their brief, from so much of the same order as denied their respective cross motions to dismiss the complaint pursuant to CPLR 3211 (a) (5), (7) and (10).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs sought to enjoin certain defendants from blocking a driveway between their restaurant property and a shopping center parking lot on the ground that the use of the parking lot by their customers and employees since 1968 created a prescriptive easement. "An easement by prescription requires proof of the adverse, open, notorious and continuous use of another's land for the prescriptive period" *(Borruso v Morreale,* 129 AD2d 604).

The plaintiffs rely on the presumption that, where, as here, the use is open, notorious and continuous for the prescriptive period, it will be considered adverse, thereby shifting the burden to the defendants to show that the use was permissive *(see, Cannon v Sikora,* 142 AD2d 662; *Borruso v Morreale, supra).* However, the court properly found that the use of the parking lot by the general public made the presumption inapplicable and that the plaintiffs would be required to offer proof that their use was adverse *(see, Susquehanna Realty Corp. v Barth,* 108 AD2d 909). We agree with the court's finding that, while the plaintiffs may have a valid claim for a prescriptive easement, they had failed, on this record, to establish that they are likely to succeed on the merits. Consequently, the plaintiffs' motion for a preliminary injunction was properly denied.

The contention of the defendants Dalto and Superior Steakhouse Systems of Garden City, Inc., that the court should have treated their cross motions to dismiss the complaint pursuant to CPLR 3211 (a) (5), (7) and (10) as motions for summary judgment and should have granted judgment in their favor is without merit. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.