■ In the Matter of EZRA KLENOFSKY et al., Petitioners, v SIDNEY J. LEVISS, Respondent.—Proceeding pursuant to CPLR article 78 to compel the respondent Sidney J. Leviss, a Justice of the Supreme Court, Queens County, to enter a default judgment in favor of the petitioners in an action entitled *Klenofsky v Allen,* to declare a lien on certain real property

null and void, and to direct the County Clerk of Queens County to issue a new deed to the subject property reflecting ownership by the petitioners as tenants by the entirety.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioners herein commenced an action, *inter alia,* to declare that a deed dated June 12, 1964, which conveyed to Edgar J. Allen all the right, title and interest of the petitioner Ezra Klenofsky in the subject premises, was null and void. After Allen failed to appear, the petitioners herein moved for leave to enter a default judgment. The Supreme Court, Queens County (Leviss, J.), issued an ex parte memorandum decision dated May 1, 1989, in which he denied the petitioners' motion for leave to enter a default judgment. With respect to the petitioners' claim of ownership by virtue of the doctrine of adverse possession, the court found that there had been no hostile possession taken under claim of right by the petitioners, inasmuch as the petitioner Fay Klenofsky was entitled to reside on the real property and her husband Ezra Klenofsky resided there because of the spousal relationship.

The extraordinary remedy of mandamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought *(see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). Inasmuch as that is not the case in this instance, the petition is denied and the proceeding is dismissed. Rubin, J. P., Eiber, Spatt and Harwood, JJ., concur.