■ BENJAMIN KARLIN et al., Respondents, v WILLIAM J. BRIDGES et al., Appellants.—In an action to enjoin the defendants from parking on a common right-of-way and from traversing a walkway on the plaintiffs' property, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Gowan, J.), entered January 10, 1989, as denied their motion for summary judgment on their counterclaim and, upon searching the record, granted the plaintiffs partial summary judgment enjoining the defendants from parking on the right-of-way, and (2) so much of an order and judgment (one paper) of the same court entered June 12, 1989, as denied their motion denominated as one for reargument, but which was, in effect, one to renew, and granted the plaintiffs' motion for partial summary judgment on the remaining claim, enjoining the defendants from traversing the plaintiffs' property.

Ordered that the appeal from the intermediate order entered January 10, 1989, is dismissed; and it is further,

Ordered that the order and judgment (one paper) entered June 12, 1989, is reversed insofar as appealed from, on the law, the defendant's motion is granted, upon renewal, so much of the order entered January 10, 1989, as granted the plaintiffs partial summary judgment enjoining the defendants from parking on the right-of-way is vacated, and the plaintiffs' motion for summary judgment enjoining the defendants from traversing their property is denied; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see, CPLR 5501 [a] [1]).

The defendants' motion, although labeled as one for leave for reargument, should have been denominated as one for renewal since it was supported by new evidence *(see, Weisse v Kamhi,* 129 AD2d 698). The requirement that a motion for renewal be based upon newly-discovered facts is a flexible one, and a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion *(see, Oremland v Miller Minutemen Constr. Corp.,* 133 AD2d 816). Under the circumstances of this case, the court should have exercised its discretion to grant the defendants' motion for leave to renew their prior motion *(see, Vitale v La Cour,* 96 AD2d 941; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865).

Accordingly, although the defendants' motion was labeled as one for reargument, we deem it to be one for renewal, grant renewal and thereupon deny judgment to either party.

Through separate deeds, the plaintiffs conveyed property in a summer residential community to the defendants. Each deed contained an express easement for ingress, egress and utilities on a privately owned right-of-way. Claiming that the defendants overburdened their easements by parking on the right-of-way, the plaintiffs commenced this action to enjoin such activity. They also sought to enjoin the defendants from using a walkway on the plaintiffs' property to reach the beach. Because we find that questions of fact exist, the order and judgment granting summary judgment must be reversed.

"An easement of way confers the lawful right to use the surface of property owned by another for unobstructed passage, with the right to enter upon said property and prepare it for that purpose, together with such other incidental rights as are necessary to the enjoyment of the right of passage" *(Minogue v Kaufman,* 124 AD2d 791, 791-792; *see also, McCormick v Trageser,* 24 NY2d 873). In light of the defendants' allegations that there is no room for off-street parking, a question of fact has been raised as to whether parking on the street, with reasonable restrictions, is necessary to the enjoyment of the right of passage *(see, Missionary Socy. of Salesean Congregation v Evrotas,* 256 NY 86; *Krosky v Hatgipetros,* 150 AD2d 344; *Marra v Simidian,* 79 AD2d 1046; *Ernst v Keniry,* 19 AD2d 938, *affd* 14 NY2d 668).

Questions of fact have also been raised as to whether the defendants have gained a prescriptive easement entitling them to park on the right-of-way. "An easement by prescription requires proof of the adverse, open, notorious and contin-

uous use of another's land for the prescriptive period" *(Borruso v Morreale,* 129 AD2d 604; *see also, Susquehanna Realty Corp. v Barth,* 108 AD2d 909; *Slater v Ward,* 92 AD2d 667). The plaintiffs insist that they never granted the defendants permission to park on the right-of-way and claim that such parking was interfering with their right of passage. These assertions, coupled with the defendants' allegation that they had been parking on the right-of-way for more than 10 years, raise a question of fact about whether the defendants have a prescriptive easement to park.

We also find that questions of fact have been raised as to whether the defendants have easements by estoppel to park and to use the walkway. The defendants claim that the plaintiffs represented to them at the time they purchased their respective properties that they would have the right or be permitted to park on the right-of-way and use the walkway. Because the defendants may not have purchased their properties absent such representations, a question of fact has been raised as to whether easements by estoppel were created *(see, Huggins v Castle Estates,* 36 NY2d 427; *Mattes v Frankel,* 157 NY 603; *Newman v Nellis,* 97 NY 285; *Jokay, Inc. v Lagarenne,* 138 AD2d 778; *Katz 737 Corp. v Shapiro,* 107 Misc 2d 127; *Lemkin v Gulde,* 25 Misc 2d 144).

Finally, we note that the plaintiffs are not barred from seeking injunctive relief on the basis of laches. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.