■ RIVERMERE APARTMENTS, INC., Appellant-Respondent, v STONELEIGH PARKWAY, INC., et al., Respondents. (Action No. 1.) LAKE AVENUE OWNERS, INC., Respondent-Appellant, v EASTBOURNE APARTMENTS, INC., et al., Respondents. (Action No. 2.) [713 NYS2d 356] —In an action, inter alia, for a judgment declaring that the plaintiff in Action No. 1 has an easement by prescription for its residents to park in an area of a residential cooperative complex known as Alger Court, and a related action, inter alia, for a judgment declaring that the plaintiff in Action No. 2 has the right to park on a portion of a road known as Lake Avenue, the plaintiff in Action No. 1 appeals from stated

portions of a judgment of the Supreme Court, Westchester County (Colabella, J.), entered February 23, 1999, which, after a nonjury trial, *inter alia*, declared that it does not have a prescriptive easement, and the plaintiff in Action No. 2 cross-appeals from stated portions of the same judgment which, after a nonjury trial, *inter alia*, declared that its residents were precluded from parking along a portion of a road known as Lake Avenue.

Ordered that the judgment is affirmed, with one bill of costs payable by the appellant-respondent and the respondent-appellant to the respondents in Action Nos. 1 and 2.

The plaintiff in Action No. 1, Rivermere Apartments, Inc. (hereinafter Rivermere), is one of seven residential cooperative apartments within a complex known as Alger Court. Rivermere sought, *inter alia*, a judgment declaring that it had an easement by prescription for its residents to park on land owned by the other six cooperatives. The plaintiff in Action No. 2, Lake Avenue Owners, Inc. (hereinafter Lake Avenue Owners), also one of the seven cooperatives, sought, *inter alia*, a judgment declaring that its residents had the right to park on a portion of a road known as Lake Avenue.

The burden of proving all of the elements of a prescriptive easement is on the party asserting it. If the party demonstrates by clear and convincing evidence that the subject property was used openly, notoriously, and continuously for the statutory period, a presumption arises that the use was adverse and the burden shifts to the owner of the property to rebut the presumption by showing that the use was permissive (*see, Di Leo v Pecksto Holding Corp.,* 304 NY 505, 512; *Coverdale v Zucker,* 261 AD2d 429, 430; *Casey v Bazan,* 253 AD2d 838).

Here, the use of the subject parking areas by the general public made the presumption of adverse use inapplicable (*see, Burcon Props. v Dalto,* 155 AD2d 501, 502). Thus, Rivermere was required to prove that its use of the subject parking areas was adverse in order to be granted a prescriptive easement (*see, Burcon Props. v Dalto, supra; Susquehanna Realty Corp. v Barth,* 108 AD2d 909). We agree with the trial court's finding that Rivermere failed to sustain its burden.

The trial court's conclusion that parking along Lake Avenue unreasonably impaired an express easement of egress over Lake Avenue is supported by a fair interpretation of the evidence (*see, Lewis v Young,* 92 NY2d 443, 449; *Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830; *see also, Nicastro v Park,* 113 AD2d 129). Thus, we will not disturb the trial court's declaration that the residents of Lake Avenue Owners are precluded from parking along Lake Avenue.

In light of the foregoing, we need not reach Rivermere's remaining contentions. S. Miller, J. P., Friedmann, Luciano and Schmidt, JJ., concur.