■ Top Hat Car Wash Co., Inc., et al., Respondents, v Charles McDonly et al., Appellants. [716 NYS2d 83] —In an action, *inter alia,* for a judgment declaring that the plaintiffs have a prescriptive easement over a certain portion of the defendants' real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 1, 1999, as denied their motion for summary judgment dismissing the complaint and granted those branches of the plaintiffs' cross motion which were for summary judgment on so much of the complaint as sought (1) a declaration that the plaintiffs have a prescriptive easement over a certain portion of the defendants' real property for the benefit of the plaintiffs' parcel of real property, (2) a permanent injunction, *inter alia,* enjoining the defendants from interfering with the plaintiffs' use of the easement, and (3) a directive that the defendants remove all obstructions to the easement.

Ordered that the order is modified, on the law, by deleting the provision thereof declaring that the plaintiffs have a prescriptive easement appurtenant and substituting therefor a provision declaring that the plaintiffs have a prescriptive easement in gross; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that the plaintiffs have a prescriptive easement in gross over the subject portion of the defendant's real property.

The defendants' argument that use of the subject parcel is

not exclusive to the plaintiffs is insufficient to rebut the presumption of adversity (*see, Pirman v Confer,* 273 NY 357; *see also, Reed v Piedimonte,* 138 AD2d 937). Moreover, the defendants' claim that an adjoining landowner who never objected to the plaintiffs' use of the land is a necessary party to the action is without merit (*see, Cannon v Sikora,* 142 AD2d 662).

However, since the easement sought in this case is for the benefit of the plaintiffs' business, as opposed to their real property, a prescriptive easement in gross should be declared (*see, Bova v Vinciguerra,* 184 AD2d 934). O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.