■ RICHARD L. THURY et al., Appellants, v BRITANNIA ACQUISITION CORP., Doing Business as BRITANNIA YACHT AND RACQUET CLUB, Respondent. [738 NYS2d 82] —In an action, inter

alia, for a judgment declaring that the plaintiffs have a prescriptive easement over the defendant's property, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Dunn, J.), dated November 8, 2000, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is modified by deleting so much of the first decretal paragraph thereof as dismissed the fourth cause of action and substituting therefor a provision declaring that the plaintiffs have a prescriptive easement across the property of the defendant, commencing at the northwest corner of the plaintiffs' property, running six feet easterly along the plaintiffs' and defendant's common boundary, and then continuing northerly for its six-foot width along an extension of the plaintiffs' westerly boundary line to the waters of Northport Harbor, for the purposes of foot travel to and from the waters of Northport Harbor, and for boating, docking and tying boats, fishing, swimming, clamming, and other water-related purposes; as so modified, the judgment is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, to fashion a remedy to restore the plaintiffs' use and enjoyment of their prescriptive easement to its former state or its functional equivalent, and for the entry of an appropriate amended judgment in accordance herewith.

The plaintiffs are the owners of one of several houses which are separated from the waters of Northport Harbor by a strip of land owned by the defendant. Starting with their purchase of the property in 1973, the plaintiffs and their son regularly crossed over the defendant's land to reach the harbor and kept a series of boats tied to a galvanized fence post erected at the northwest corner of their property.

In 1988 the defendant erected a metal bulkhead and backfilled the area between that bulkhead and the plaintiffs' property line, which formerly sloped down to the water. In 1993 the defendant added a fence, with the result that the plaintiffs no longer had access to the water. The plaintiffs commenced an action to recover damages for, inter alia, violation of riparian rights and for a judgment declaring that they have a prescriptive easement over the defendant's land.

The trial court's conclusion that the high water mark of the waters of Northport Harbor failed to abut the plaintiff's property is supported by the weight of the credible evidence (*see,* 107 NY Jur 2d, Water § 4; *DiCanio v Incorporated Vil. of Nissequogue,* 189 AD2d 223).

However, the plaintiffs demonstrated proof of the adverse, open, notorious, and continuous use of the defendant's land for

the prescriptive period (*see, Di Leo v Pecksto Holding Corp.,* 304 NY 505, 510-512; *Cannon v Sikora,* 142 AD2d 662, 663; *Borruso v Morreale,* 129 AD2d 604, 605; *Pastore v Zlatniski,* 122 AD2d 840, 841; *Susquehanna Realty Corp. v Barth,* 108 AD2d 909, 909-910). The fact that the claimed easement was used only during the summer months does not negate the ripening of the prescriptive right. Neither does the fact that in certain years, the claimed easement was used by the plaintiffs' son, rather than by the plaintiffs (*see, Slater v Ward,* 92 AD2d 667, 668; *Beutler v Maynard,* 80 AD2d 982, 983, *affd* 56 NY2d 538).

By building the bulkhead and backfilling the slope, the defendant eliminated the plaintiffs' practice of beaching a boat on the sloping shoreline and tying it to a stake on the plaintiffs' property. The matter is remitted to the Supreme Court to fashion a remedy sufficient to allow the plaintiffs access to the waters of Northport Harbor and in connection therewith to keep a boat at the shore which will not constitute an obstacle to navigation. Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.