■ BRIDGET PETSAKO, Appellant, v MORRIS ZWEIG, Respondent. [777 NYS2d 765]—In an action, inter alia, to impose a constructive trust on the proceeds of the sale of certain real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated July 7, 2003, which granted the defendant's motion, denominated as one for leave to reargue, but deemed one for leave to renew, the defendant's prior motion to vacate his defaults in timely answering the complaint and in opposing the plaintiff's motion for a default judgment which was denied in an order of the same court dated April 21, 2003, and upon renewal, granted the motion to vacate.

Ordered that the order is affirmed, with costs.

The defendant's motion, although denominated as one for

leave to reargue, was properly deemed one for leave to renew since it was supported by new evidence. The requirement that a motion for leave to renew be based upon newly-discovered facts is a flexible one, and a court, in its discretion, may grant renewal upon facts known to the moving party at the time of the original motion (*see Karlin v Bridges,* 172 AD2d 644 [1991]). Under the circumstances of this case, the Supreme Court properly exercised its discretion to grant the defendant's motion, in effect, for leave to renew his prior motion (*see Karlin v Bridges, supra*). Furthermore, upon renewal, the court properly granted the defendant's prior motion to vacate his defaults in timely answering the complaint and in opposing the plaintiff's motion for a default judgment. The defendant established reasonable excuses for the brief delay in interposing an answer and the delay in opposing the motion for a default judgment and also proffered meritorious defenses to the causes of action asserted in the complaint (*see Quis v Bolden,* 298 AD2d 375 [2002]). Smith, J.P., Goldstein, Adams, Rivera and Lifson, JJ., concur.