LYDIA K. SUGARMAN, Appellant, v LAURENCE F. MALONE, Respondent, et al., Defendant. [816 NYS2d 453]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered August 29, 2005, which, in a declaratory judgment action involving plaintiff's rights in the subject cooperative apartment by reason of adverse possession, and seeking related monetary and injunctive relief, denied plaintiff's motion for a preliminary injunction enjoining defendant-respondent adverse claimant (Malone) and defendant housing cooperative from prosecuting a summary proceeding in Civil Court, unanimously affirmed, without costs.

Plaintiff moved into the subject apartment in 1984 when she married her husband Howard. Although Howard told plaintiff that he owned the apartment, it appears that it was actually owned by his father, Jack; nevertheless, when Howard died in 1990, plaintiff continued to reside in the apartment and pay the maintenance and other bills. Jack died in 1995, leaving his estate, including the apartment, to his daughter, Thea, who died

in 1996 and was Malone's wife. In 2004, Malone served a notice to quit on plaintiff, allegedly after unsuccessful negotiations involving her purchase of the apartment from him, and he commenced a Civil Court holdover proceeding against her in 2005; shortly thereafter, plaintiff commenced the instant declaratory judgment action claiming title by reason of adverse possession. The motion court denied plaintiff's motion to stay the holdover proceeding and enjoin other acts by defendants prejudicial to her occupancy of the apartment, holding that she was not entitled to a presumption of hostility because she and the apartment's owners were family members (citing, inter alia, *Weinberg v Shafler*, 68 AD2d 944 [1979], *affd* 50 NY2d 876 [1980]), and that her claim of title by adverse possession was otherwise conclusory. While plaintiff and Malone, whose spouses were siblings, may not be related to each other in any conventional sense, any presumption of hostility to which plaintiff is entitled by reason of the fact that her occupancy was open, continuous and uninterrupted for at least 10 years is rebutted by the fact that she was the prior owner's daughter-in-law, and that her occupancy of the apartment from 1984 to 1995 was apparently with his permission (*cf. id.* at 945). Moreover, even if such an in-law relationship is not by itself sufficient to rebut the presumption of hostility, taking possession of property by reason of cohabiting with a spouse is not a taking under a claim of right (*see Matter of Klenofsky v Leviss*, 156 AD2d 520 [1989]), also a necessary element of adverse possession (*see Joseph v Whitcombe*, 279 AD2d 122, 126-127 [2001]). It does not avail plaintiff that she may have believed that her husband owned the apartment (*cf. id.* at 127). As it does not appear that plaintiff is likely to succeed on her claim of adverse possession, her motion for a preliminary injunction was properly denied. Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.