◼ MARC K. BAILEY, Respondent, v OSSI SPORT CLUB, INC., Appellant. [898 NYS2d 223]—

In an action, inter alia, for a judgment declaring that previous approvals issued by the defendant with respect to the construction of a single-family residence, well, and septic system are binding, in full force and effect, and may not be withdrawn or revoked by the defendant, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated January 26, 2008, as granted the plaintiff's motion for a preliminary injunction and temporary restraining order and denied its cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and 3212.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff leased a parcel of property from the defendant for the purpose of constructing a single-family dwelling. The defendant initially approved the plaintiff's plans to install a well and septic system on the defendant's property, which adjoined the parcel, to service the dwelling. However, the defendant later attempted to revoke its approval, and then commenced a reconstruction project in the area where the plaintiff planned to

install the well and septic system. The plaintiff then moved for a preliminary injunction and temporary restraining order to enjoin the defendant from continuing the reconstruction project.

"On a motion for a preliminary injunction, the movant must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor" (*Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of Bldgs.*, 65 AD3d 1051, 1052 [2009]; *see Etzion v Etzion*, 62 AD3d 646, 655 [2009]; *Abinanti v Pascale*, 41 AD3d 395, 396 [2007]). Here, the Supreme Court properly granted the plaintiff's motion, as he demonstrated that the reconstruction project would prevent him from being able to install the necessary well and septic system. The plaintiff also submitted evidence demonstrating that the defendant had granted him an easement to install the well and septic system on its property, and that he had expended time and money seeking the necessary permits to move forward with the installation (*see Millbrook Hunt v Smith*, 249 AD2d 281, 282 [1998]; *see also Top Hat Car Wash Co. v McDonly*, 277 AD2d 310, 311 [2000]; *Borough Bill Posting Co. v Levy*, 144 App Div 784, 788-789 [1911]).

The Supreme Court properly denied the defendant's cross motion to dismiss the complaint, as the complaint states a cause of action, and the defendant's evidentiary submissions failed to demonstrate the absence of triable issues of fact (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.